UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIGHTBOX VENTURES, LLC,<br><br><div align="right">Plaintiff,</div><br>-against-<br><br>3RD HOME LIMITED,<br><br><div align="right">Defendant.</div> | **COMPLAINT**<br><br>16-cv-_____ (___)<br><br>Plaintiffs Demand<br>Trial by Jury |

Plaintiff Lightbox Ventures, LLC ("Lightbox), by its attorneys, Scarola Malone & Zubatov LLP, as and for its Complaint herein, alleges as follows:

### The Nature of the Action

1.       This breach of contract, breach of fiduciary duty and declaratory judgment action arises from plaintiff Lightbox and defendant 3RD Home Limited's ("3RD Home") joint venture to create a website for the purpose of engaging in the business of vacation and luxury home resales.  The parties' agreement provides for a 50/50 revenue split (after Lightbox recoups startup costs), with Lightbox to take the active role in developing the website and managing the business while 3RD Home was to be a passive partner, with its principal obligation being to activate and maintain a prominent link to the new site on its own already-established website that is engaged in the business of vacation property swaps and to relay any home sales business leads to Lightbox.  Instead, after Lightbox developed the new website and made it fully operational, 3RD Home not only refused to activate and maintain a link to that site but began to engage in a scheme to *compete* with and effectively *steal* the business of the joint venture and of its joint venture partner and to route home sales

opportunities to itself rather than to the joint venture.  3RD Home likewise began to sign exclusive, unauthorized and undisclosed deals with third-party brokers to bring in luxury home sales, and such deals enriched 3RD Home and those third parties at Lightbox's expense.

2.      As detailed below, 3RD Home's conduct constitutes a breach of the parties' agreement and a breach of the fiduciary duty 3RD Home owed to Lightbox, its partner in the parties' joint venture.  As such, Lightbox is entitled to compensatory and punitive damages, a declaration that 3RD Home has materially breached the agreement and that the agreement has been validly terminated for cause by Lightbox, as well as attorneys' fees and costs per the terms of the parties' agreement.

## The Parties

3.      Plaintiff Lightbox Ventures is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

4.      Defendant 3RD Home is a limited company organized and existing under the laws of the Cayman Islands, with its principal place of business in Brentwood, Tennessee.

## Jurisdiction and Venue

5.      Jurisdiction in this court is proper under 28 U.S.C. §1332(a) because plaintiff is a citizen of the State of New York, defendant is a citizen of the State of Tennessee and/or the Cayman Islands, and the amount in controversy exceeds $75,000.

6.      Venue in this court is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the State of

New York insofar as plaintiff operated the business at issue from the State of New York and was damaged in New York.  Venue is also proper in this court because the parties' agreement provides for litigation of any disputes in this forum.

## Background

### A.  The Parties and Their Agreement

7.     Plaintiff Lightbox is an entity that had entered into the business of starting a real estate web site through which owners, brokers and developers around the world could list for sale high-end properties (such as vacation homes), as well as fractional shares in such properties.  In order to maximize this business opportunity, it determined to partner with defendant 3RD Home, which had an established website at www.3rdhome.com, and which website was a global site that allowed users to swap weeks in their luxury properties.  Because the 3RD Home website already had upwards of 5,000 members educated in the asset of luxury vacation homes and fractional shares in such homes, the partnership would provide Lightbox with a ready customer base.

8.     To consummate this business relationship, Lightbox and 3RD Home entered into an agreement on July 13, 2015 (the "Agreement," attached as Exhibit A hereto), per which Lightbox and 3RD Home agreed to "to establish a joint venture between the parties to create an online platform" for such luxury home sales, *see id*. at Preamble, and, as described further below, to split profits from the venture, *i.e.*, real estate commission revenue, equally in exchange for 3RD Home providing a prominent link to Lightbox's website on its own site.  (The parties later, on December 4, 2015, entered into an amendment to the Agreement ('the "Amendment," attached as Exhibit B hereto) that extended the initial term of the Agreement from July 13, 2017, *see* Ex. A, ¶15, to July 1, 2018, subject to renewal in

perpetuity provided certain benchmarks were met, and otherwise amended, *inter alia*, the "Termination" provisions of the Agreement.)

        9.     Per the Agreement, Lightbox would be responsible for, and bear all costs associated with, building its website and running its business (other than those costs the parties might later agree to share in jointly promoting the business). *See* Ex. A, ¶1. After recouping its startup costs associated with creation of its website, Lightbox would then begin to split profits from the venture equally with 3RD Home. *See id.*, ¶2(b).

        10.     In exchange, 3RD Home's principal responsibility would be to activate and maintain a prominent link on www.3rdhome.com to the new website that Lightbox would develop. *See id.*, ¶2(a). It would "forward all inquiries regarding sales and purchases of vacation homes, residence clubs, fractionals and the like to [Lightbox] exclusively and in a timely manner," and "be a passive partner in the sales and marketing of these homes, with its only active role being the maintenance of the links on the 3RD Home site." *Id.*, ¶2(c). 3RD Home further agreed "that this arrangement is exclusive and that they will not enter into any similar arrangement with another sales and marketing organization without the permission of [Lightbox]." *Id.*, ¶2(d).

### B.  *3RD Home's Breach of the Agreement*

        11.     In January 2016, Lightbox's website (www.3rdHomerealestate.com) became operational and was ready to be linked to by the 3RD Home website, as required by the Agreement.

        12.     However, 3RD Home failed to provide and maintain the requisite link. This situation has not been remedied despite repeated requests by Lightbox that 3RD Home comply with its principal obligation pursuant to the Agreement's terms.

13.    Furthermore, in contravention of the Agreement's express terms, far from being a "passive partner in the sales and marketing of these homes, with its only active role being the maintenance of the links on the 3RD Home site," *id.*, ¶2(c), 3RD Home has not only taken an active role in the business, to Lightbox's detriment, but has, from the outset, set about competing with Lightbox and establishing its own luxury home sale business that would steer commission revenue toward itself and others and away from Lightbox.

14.    In particular, in contravention of the provision requiring it to "forward all inquiries regarding sales and purchases" to Lightbox so that Lightbox could manage such business as it saw fit, 3RD Home has made multiple, unauthorized and undisclosed deals with third-party brokers to sell to them exclusive brokerage deals so that, instead of all real estate commissions from transactions going to the joint venture, such brokers would instead receive the vast majority of commission revenue.  Such exclusive brokerage deals, moreover, effectively eliminated the majority of potential listings for any geographical area subject to the exclusive arrangement.  The net effect of these unauthorized arrangements was to reduce the joint venture's revenue dramatically, while simultaneously destroying potential relationships Lightbox could have cultivated and intended to cultivate in such areas. Compounding the problem, in breach of the Agreement's profit-sharing arrangement, on top of failing to disclose such deals to Lightbox, 3RD Home has not accounted to Lightbox for any revenue it received from such brokers in exchange for entering into exclusive arrangements with them.

15.    Still more egregiously, instead of abiding by the terms of its partnership with Lightbox, 3RD Home has begun to compete directly with and effectively steal the business of the joint venture and of its joint venture partner by steering luxury home sales business away from the joint venture with Lightbox and by starting to engage in home sales

transactions without bringing these to the attention of Lightbox at all.  To this end, 3RD Home

has retained employees for the specific purpose of bringing such business to itself rather than

to the joint venture and has even made unauthorized changes to the

www.3rdHomerealestate.com website in order to attract such private deals.

      16.    Furthermore, instead of being a faithful partner in the parties' joint

venture, 3RD Home has used the luxury home sale business largely as a means to drive its

own core business of vacation property swaps.  Specifically, more concerned with adding

members who might make use of its property-swapping services than with earning

commissions off of property sales, it entered into arrangements with brokers that sacrificed

commission revenue on sales in exchange for maximizing its membership.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

      17.    Plaintiff repeats and realleges each and every allegation set forth above

as if fully set forth here.

      18.    By failing, even after repeated requests to do so, to activate and

maintain a prominent link (or, indeed, any link) to Lightbox's luxury home sale website, 3RD

Home has breached its most essential duty under ¶2(a) of the Agreement.

      19.    Lightbox has at all times performed pursuant to the Agreement.

      20.    By reason of the foregoing, Lightbox is entitled to compensatory

damages in an amount to be proven at trial, plus associated interest.

### SECOND CAUSE OF ACTION
### (Breach of Contract)

      21.    Plaintiff repeats and realleges each and every allegation set forth above

as if fully set forth here.

22.     By taking an active role in the running of the joint venture, signing unauthorized exclusive deals with third-party brokers, failing to disclose such deals and failing to account to Lightbox for revenue earned from the signing of those exclusive deals, 3RD Home has breached its obligation to be a "passive partner in the sales and marketing of … homes, with its only active role being the maintenance of the links on the 3RD HOME site," breached its obligation to "forward all inquiries regarding sales and purchases of vacation homes, residence clubs, fractionals and the like to [Lightbox] exclusively and in a timely manner" and breached its obligation to share all profits from the joint venture — after Lightbox has been reimbursed for its out-of-pocket costs in building the joint venture's website — 50/50. *See id.*, 2(b) & (c).

23.     Lightbox has at all times performed pursuant to the Agreement.

24.     To the extent 3RD HOME's conduct is found to be neither expressly permitted nor forbidden by the terms of the Agreement, it nonetheless breaches the Agreement by virtue of constituting a breach of the covenant of good faith and fair dealing implicit in every contract as a matter of law, insofar as it deprives Lightbox of significant benefits to which it is entitled under the Agreement.

25.     By reason of the foregoing, Lightbox is entitled to compensatory damages in an amount to be proven at trial, plus associated interest.

## THIRD CAUSE OF ACTION
### (Breach of Contract)

26.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth here.

27.     By entering into competition against its own joint venture with Lightbox, steering home sales business away from the joint venture with Lightbox, engaging in

unauthorized, undisclosed and unaccounted-for home sales business for its own purposes and profit, including, *inter alia*, entering into deals that sacrificed the revenue of the joint venture for the purpose of adding members for its own core business of vacation property swaps, and making unauthorized changes to the www.yourhome.com website in order to attract such private deals, 3RD Home has breached the Agreement (at ¶¶2(b), (c) and (d)).

28.     Lightbox has at all times performed pursuant to the Agreement.

29.     To the extent 3RD HOME's conduct is found to be neither expressly permitted nor forbidden by the terms of the Agreement, it nonetheless breaches the Agreement by virtue of constituting a breach of the covenant of good faith and fair dealing implicit in every contract as a matter of law, insofar as it deprives Lightbox of significant benefits to which it is entitled under the Agreement

30.     By reason of the foregoing, Lightbox is entitled to compensatory damages in an amount to be proven at trial, plus associated interest.

<div align="center">

FOURTH CAUSE OF ACTION
(Declaratory Relief)

</div>

31.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth here.

32.     3RD Home's breaches of the Agreement go to the root of the Agreement and are so substantial that they defeat the parties' purpose in entering into the Agreement.

33.     Lightbox has at all times performed pursuant to the Agreement.

34.     Accordingly, Lightbox asks for a declaration that 3RD Home's actions constitute material breaches of the Agreement and that, therefore, Lightbox is relieved of any

<div align="center">

8

</div>

further performance obligations pursuant to the Agreement, while 3RD Home is not entitled to enforce the Agreement against Lightbox.

### FIFTH CAUSE OF ACTION
(Declaratory Relief)

35.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth here.

36.     Pursuant to the Amendment, Lightbox may terminate the Agreement for cause "if 3RD HOME does not adequately create an attractive inventory of homes and/or generate adequate sales leads." Ex. B, ¶15(d).  This paragraph further provides that "if 3RD HOME is unable to cure such poor performance within a reasonable period of time, and LIGHTBOX VENTURES decides to exercise its right to terminate the Agreement due to cause, 3RD HOME agrees not to re-enter the business of or otherwise operate, in any manner, an online platform for the sale and resale of vacation homes and fractional ownership properties or otherwise engage in any venture which is intended to compete with or does compete with LIGHTBOX VENTURES in the business contemplated by this Agreement for a period of two (2) years following the date of termination of this Agreement." *Id.*

37.     As described above, by failing to abide by its contractual obligation to activate and maintain a link to the joint venture's website and by variously interfering with, competing with and stealing the joint venture's business, 3RD Home has consistently failed to "create an attractive inventory of homes and/or generate adequate sales leads" for the joint venture.

38.     It has, moreover, repeatedly and for months on end, failed to make any effort to comply with Lightbox's requests to cure these breaches and, as such, has, within

the meaning of Amendment ¶15(d), been "unable to cure such poor performance within a reasonable period of time."

39.     For this reason, Lightbox is choosing to exercise its right to terminate for cause pursuant to Amendment, ¶15(d).

40.      Lightbox asks for a declaration that the Agreement has been validly terminated for cause by Lightbox.

### SIXTH CAUSE OF ACTION
(Breach of Fiduciary Duty)

41.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth here.

42.     In entering together into the business of luxury home resales and collaborating to develop that business, Lightbox and 3RD Home became joint venturers in that business, as the Agreement expressly states, *see id.* at Preamble, and as would be the case even absent the Agreement's express language to that effect.

43.     As a joint venture with Lightbox, 3RD Home owed Lightbox a fiduciary duty to act in good faith and deal fairly in Lightbox's best interests.

44.     3RD Home breached that duty when, instead of working together to consummate the parties' business, it began to compete with Lightbox and solicit and steal for itself business that rightfully belonged to the joint venture.

45.     3RD Home's actions were a substantial factor in injuring the business of the joint venture and, therefore, of Lightbox.

46.     By reason of the foregoing, Lightbox is entitled to compensatory damages in an amount to be proven at trial, plus associated interest, as well as punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Lightbox demands that judgment be entered in its favor and against 3RD Home as follows:

1.      on the first cause of action, ordering 3RD Home to pay money damages in an amount to be proven at trial, plus associated interest;

2.      on the second cause of action, ordering 3RD Home to pay money damages in an amount to be proven at trial, plus associated interest;

3.      on the third cause of action, ordering 3RD Home to pay money damages in an amount to be proven at trial, plus associated interest;

4.      on the fourth cause of action, declaring that 3RD Home's actions constitute material breaches of the Agreement and that, therefore, Lightbox is relieved of any further performance obligations pursuant to the Agreement, while 3RD Home is not entitled to enforce the Agreement against Lightbox;

5.      on the fifth cause of action, declaring that the Agreement has been validly terminated for cause by Lightbox;

6.      on the sixth cause of action, ordering 3RD Home to pay money damages in an amount to be proven at trial, plus associated interest, plus punitive damages;

7.      for the fees and costs incurred in connection with this action, as provided for in Agreement, ¶4(c); and ordering such other and further relief for Lightbox and

against 3RD Home as the Court may deem just and proper.

Dated:   New York, New York
         March 31, 2016

SCAROLA MALONE & ZUBATOV LLP

By_____
         Richard J.J. Scarola
         Alexander Zubatov
*Attorneys for Plaintiff Lightbox Ventures, LLC*
1700 Broadway
41st Floor
New York, NY 10019
Tel.: (212) 757-0007