# BUSINESS AGREEMENT

THIS AGREEMENT is made and entered into on July 13, 2015 between LIGHTBOX VENTURES, LLC, a New York Limited Liability Corporation doing business as YOURHOME AT 3RD HOME ("YourHome") and 3RD HOME LIMITED, a Cayman Island company, with an office located at Intertrust Trustees (Cayman) Limited, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands doing business as 3RDHOME.COM ("3RD Home"), a membership based, online luxury vacation home exchange program. This Agreement is entered into in order to establish a joint venture between the parties to create an online platform for the resale of vacation homes, fractional ownership properties and other properties eligible to be listed on 3RDHOME.COM, which is to be linked to the existing 3RD HOME site.

The parties agree as follows:

1. **YOURHOME OBLIGATIONS.**

   a. YourHome shall be responsible for fronting the cost for the technology build-out of the 3RD Home website including an interface for YourHome use. Fronting the cost of the creating a YourHome website at a level equivalent to the 3RD Home site is also the financial responsibility of YourHome.

   b. The interface to YourHome from the 3RD Home site will enable YourHome to manage all communication regarding sales and marketing of these properties and to process the requests accordingly.

   c. YourHome shall be fully responsible for managing any and all interactions with buyers and sellers and potential buyers and sellers, as well as all intermediaries required for any sale, including local real estate brokers, property management companies and local attorneys as needed.

   d. YourHome will also be responsible for any fees associated with the use of any intermediaries needed or required by local laws, as listed in paragraph c, above, although it is assumed that these fees will be the responsibility of the buyers and sellers in each transaction.

   e. During the term of this agreement YourHome will not enter into any other business arrangement for the resale of properties eligible to be listed on 3RD Home, including, but not limited to vacation homes, residence clubs and fractional ownership properties, without express written approval from 3rdHome.

 f. YourHome agrees that it will share evenly with 3RD Home (50%/50%) all profits realized from this business venture after deducting reasonable direct costs of doing business, which costs will be documented and records presented to 3RD Home upon request. However, this profit share will begin only after the outlay for the technology build-out has been recouped, as described in paragraph 2b below.

 g. YourHome agrees that 3RD Home will bear no costs or expenses associated with the operation of this resale business, other than maintaining their own website, including the agreed upon link to YourHome.

 h. Any expenses to market and drive customers to YourHome as a separate entity will be shared by both companies, once the tactics and dollar amounts are agreed. There is no assumption that 3RD HOME will undertake any marketing expenditure outside of its normal business efforts in running the exchange club.

2. 3RD HOME OBLIGATIONS.

 a. 3RD Home agrees to keep an active link on their site to the YourHome site, this link shall be in a prominent place which is easily recognizable and usable by potential buyers and sellers of properties through the site. The location and visibility of the link shall be agreed upon between the parties with final determination by 3RD HOME.

 b. 3RD Home agrees that the first profits of YourHome will go toward reimbursing YourHome for the technology build-out mentioned earlier in paragraph 1 (a). After that amount has been reimbursed, the 50%/50% profit sharing will begin and continue as long as this Agreement remains in full force and effect.

 c. 3RD Home agrees to forward all inquiries related to the buying and selling of vacation homes, residence clubs, fractionals and the like to YourHome and that 3RD Home will be a passive partner in the sales and marketing of these homes, with its only active role being the maintenance of the links on the 3RD HOME site with YourHome. It will forward all inquiries regarding sales and purchases of vacation homes, residence clubs, fractionals and the like to YourHome exclusively and in a timely manner.

 d. 3RD Home agrees to that this arrangement is exclusive and that they will not enter into any similar arrangement with another sales and marketing organization without the permission of YourHome.

e. 3RD Home will be responsible for all relationships with the affiliates. In the interest of maintaining these relationships, 3RD Home retains the right to determine that certain affiliate properties may not be able to be sold through YourHome. 3RD Home will inform YourHome in writing of such an exclusion, should it occur.

f. 3RD HOME will make the final determination of the name and the URL of the resale business. All 3RD HOME names, marks, and other proprietary assets that may be used in conjunction with the marketing of this program will remain the exclusive property of 3RD HOME at all times during the term and after.

### 3. FORCE MAJEURE.

A party will not be in breach of or in default under this agreement on account of, and will not be liable to the other party for, any delay or failure to perform its obligations under this agreement by reason of fire, earthquake, flood, explosion, strike, riot, war, terrorism, or similar event beyond that party's reasonable control (each a "**Force Majeure Event**"). However, if a Force Majeure Event occurs, the affected party shall, as soon as practicable:

(a) notify the other party of the Force Majeure Event and its impact on performance under this agreement; and

(b) use reasonable efforts to resolve any issues resulting from the Force Majeure Event and perform its obligations under this agreement.

### 4. GOVERNING LAW.

(a) **Choice of Law.** The laws of the state of New York govern this agreement (without giving effect to its conflicts of law principles).

(b) **Choice of Forum.** Both parties consent to the personal jurisdiction of the state and federal courts in New York, NY.

(c) **Attorneys' Fees.** If either party employs attorneys to enforce any rights arising out of or relating to this agreement, the losing party shall reimburse the prevailing party for its reasonable attorneys' fees and costs.

### 5. AMENDMENTS.

No amendment to this agreement will be effective unless it is in writing and signed by authorized representatives of both parties to this agreement, LIGHTBOX VENTURES

LLC and 3RD HOME LIMITED.

6. **ASSIGNMENT AND DELEGATION.**

(a) **No Assignment.** Neither party may assign any of its rights under this agreement, except with the prior written consent of the other party, which consent may not be unreasonably withheld. This subsection limits all voluntary assignments of rights.

(b) **No Delegation.** Neither party may delegate any performance under this agreement, except with the prior written consent of the other party, which consent may not be unreasonably withheld.

(c) **Enforceability of an Assignment or Delegation.** If a purported assignment or purported delegation is made in violation of this section 8, it is void.

7. **COUNTERPARTS; ELECTRONIC SIGNATURES.**

(b) **Counterparts.** The parties may execute this agreement in any number of counterparts, each of which is an original but all of which constitute one and the same instrument.

(c) **Electronic Signatures.** This agreement, agreements ancillary to this agreement, and related documents entered into in connection with this agreement are signed when a party's signature is delivered by facsimile, email, or other electronic medium. These signatures must be treated in all respects as having the same force and effect as original signatures.

8. **SEVERABILITY.**

If any one or more of the provisions contained in this agreement is, for any reason, held to be invalid, illegal, or unenforceable in any respect, that invalidity, illegality, or unenforceability will not affect any other provisions of this agreement, but this agreement will be construed as if those invalid, illegal, or unenforceable provisions had never been contained in it, unless the deletion of those provisions would result in such a material change so as to cause completion of the transactions contemplated by this agreement to be unreasonable.

9. **NOTICES.**

(a) **Writing; Permitted Delivery Methods.** Each party giving or making any notice, request, demand, or other communication required or permitted by this agreement shall give that notice in writing and use one of the following types of

delivery, each of which is a writing for purposes of this agreement: personal delivery, mail (registered or certified mail, postage prepaid, return-receipt requested), nationally recognized overnight courier (fees prepaid), facsimile, or email.

(b) **Addresses.** A party shall address notices under this section 11 to a party at the following addresses:

LightBox Ventures
Andrew Ellner/Managing Member
225 West 86 Street, #507
New York, N.Y. 10024
Fax Number: (516) 953-3490
Email Address: aellner@lightboxcap.com

If to 3RD HOME:
Wade Shealy
Chairman and CEO
5200 Maryland Way, Suite 100
Brentwood, TN 37027
wade@3rdhome.com

(c) **Effectiveness.** A notice is effective only if the party giving notice complies with subsections (a) and (b) and if the recipient receives the notice.

## 10. WAIVER.

No waiver of a breach, failure of any condition, or any right or remedy contained in or granted by the provisions of this agreement will be effective unless it is in writing and signed by the party waiving the breach, failure, right, or remedy. No waiver of any breach, failure, right, or remedy will be deemed a waiver of any other breach, failure, right, or remedy, whether or not similar, and no waiver will constitute a continuing waiver, unless the writing so specifies.

## 11. ENTIRE AGREEMENT.

This agreement constitutes the final agreement of the parties. It is the complete and exclusive expression of the parties' agreement with respect to the subject matter of this agreement. All prior and contemporaneous communications, negotiations, and agreements between the parties relating to the subject matter of this agreement are expressly merged into and superseded by this agreement. The provisions of this agreement may not be explained, supplemented, or qualified by evidence of trade usage or a prior course of dealings. Neither party was induced to enter this agreement by, and neither party is relying on, any statement, representation, warranty, or

agreement of the other party except those set forth expressly in this agreement. Except as set forth expressly in this agreement, there are no conditions precedent to this agreement's effectiveness.

## 12. HEADINGS.

The descriptive headings of the sections and subsections of this agreement are for convenience only, and do not affect this agreement's construction or interpretation.

## 13. EFFECTIVENESS.

This agreement will become effective when all parties have signed it. The date this agreement is signed by the last party to sign it (as indicated by the date associated with that party's signature) will be deemed the date of this agreement.

## 14. NECESSARY ACTS; FURTHER ASSURANCES.

Each party and its officers and directors shall use all reasonable efforts to take, or cause to be taken, all actions necessary or desirable to consummate and make effective the transactions this agreement contemplates or to evidence or carry out the intent and purposes of this agreement.

## 15. TERMINATION

This is a temporary interim agreement to indicate the intent of the parties, and will remain in effect until July 13, 2017 or earlier if superseded by a later agreement. If 3RD HOME should desire to terminate because of unanticipated issues before July 13, 2017 then it will promptly reimburse LightBox for any unreimbursed costs of the technology build out. Additional terms regarding termination of this agreement and the rights and steps to terminate it are expected before August 31, 2015.

[SIGNATURE PAGE FOLLOWS]

LightBox Ventures

Date: 7/5/15

By: *[signature]*
Name: Andrew Ellner
Title: Managing Member, LightBox Ventures L.L.C.

3RD HOME LIMITED

Date: 07/13/15

By: *[signature]*
Name: Earl Wade Shealy, Jr.
Title: Chairman and CEO, 3RD HOME

Steve Zacks Authorized representative for Wade Shealy
CMO, 3RD HOME

*General Agreement*     7   s Zacks