UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIGHTBOX VENTURES, LLC,<br><br>        Plaintiff/Counterclaim Defendant,<br><br>-against-<br><br>3RD HOME LIMITED and WADE SHEALY,<br><br>        Defendants/Counterclaim Plaintiffs and<br>        Third-Party Plaintiffs. | **DEFENDANTS'**<br><br>**MOTION FOR**<br><br>**SUMMARY JUDGMENT**<br>**(ON DAMAGES)**<br><br>16-cv-02379 (DLC) |
| 3RD HOME LIMITED/WADE SHEALY,<br><br>        Third-Party Plaintiffs,<br><br>-against-<br><br>ANDREW ELLNER,<br><br>        Third-Party Defendant. | |

The Defendants move this Court pursuant to Rule 56, F.R.C.P., for Summary Judgment regarding Plaintiff's damages (or alternatively, Partial Summary Judgment) based upon:

- The Statement of Material Facts (which is annexed hereto pursuant to Local Rule 56.01),

- The related Memorandum of Law (separately filed in connection with this Motion),

- The (Second) Affidavit of E. Wade Shealy, Jr., and

- Other filings (transcripts).

## INTRODUCTION

The Plaintiff ["Lightbox"] filed this lawsuit concerning a joint venture for online real estate sales. It claims that Defendant ["3HL"] breached the joint venture, by failing to connect its link to 3HL's existing website, after Lightbox spent $60,000 on technology (software). Lightbox also claimed that 3HL was wrongfully competing, and that it had received related revenue from Brokers' Agreements (regional transactions) of $40,000 +/-.

As a result thereof, Lightbox terminated the joint venture pursuant to Section 15(d). Under Section 15(d), Lightbox retains its software rights, and is entitled to a restrictive covenant prohibiting 3HL from continuing the real estate venture. It also seeks compensatory damages.

## THE ISSUES BEFORE THE COURT

As the Court is aware, 3HL separately entered into Exclusive Brokerage Agreements with several brokerage houses, which initially resulted in it receiving marketing revenue totaling $42,500. At the Injunction Hearing conducted on October 21, 2016, the Court found that the Joint Venture was "defunct." The Court denied Lightbox's request for an Injunction. However, the Court noted that Lightbox's potential damages could include the recovery of the cost of the technology ($60,000) and perhaps its share (50%) of the marketing revenue ($40,000) that 3HL had received. Specifically, the Court held that:

> *Based on the evidence presented at the preliminary injunction hearing, it appears Lightbox will be able to show at trial that 3rd Home is liable for approximately $80,000. This amount includes approximately $60,000 that Lightbox paid to develop the website and approximately $20,000 for Lightbox's share of the roughly $40,000 3rd Home obtained through the regional transactions.*

**[Court Memorandum, Doc. 69, p. 29; footnote 6.]**

**I.     Technology Costs**

3HL does not want Lightbox's technology.  More importantly, 3HL does not control Lightbox's technology.  And, 3HL does not want to compete with Lightbox (Lightbox can take its idea and run with it).  Thus, and in lieu of a monetary award of $60,000, the Court should simply declare that the technology is exclusively owned and controlled by Lightbox.  Such a Declaration would resolve Lightbox's compensatory claim, to the extent based on technology costs. That leaves then the claims related to the Brokerage Agreements, and one other claim.

**II.    Brokerage Agreements**

The proof has now established that the revenue received from the brokerage agreements actually totaled the slightly larger amount of $52,500 (and not $42,500).  Thus, if the Court were later to find that Lightbox was entitled to 50% of those funds, that would equate to an award of $26,250, at most.

However, there is now no dispute that those fees were <u>not</u> real estate commissions or intended as real estate commissions. Those were fees (unrelated to real estate sales) that concerned 3HL's already existing exchange program. Hence, the retention of those marketing fees by 3HL did not compete with Lightbox or the potential sale commission revenue the joint venture hoped to receive.

**III.   Other Damages**

Since its failed attempt to obtain an injunction, Lightbox has attempted to morph its claim into a judicial dissolution claim of a business already declared to be "defunct."[1]  Lightbox now claims the venture was worth somewhere between $6.6 million and $11.6 million.  It apparently believes that 3HL is required to pay 50% of those numbers, to buy out Lightbox.

---

[1] *See,* Court's Ruling **[Doc. 69, p. 15]**.

To the extent Lightbox is entitled to any <u>other damages</u>, it has failed to establish any such damages (*i.e.,* that the joint venture had any real value or that it lost actual sales).  As will be shown, and in connection with those issues, Lightbox:

- Misrepresented facts to this Court in an Affidavit and thereafter in open court at the injunction hearing that it had procured "*numerous listings*" worth $31 Million;

- Misrepresented facts, thereafter, to its own experts leading them to believe that Lightbox had procured countless additional, enforceable, real estate listing agreements worth $65 million.

- <u>In reality, Lightbox had procured only two (2) listings at the time this lawsuit was filed (with a cumulative value of less than $200,000).</u>

The Defendants' Statement of Material Facts (annexed hereto) confirms that there are no contested issues, and that as a result, that Defendants are entitled to Summary Judgment (or at least Partial Summary Judgment) as a matter of law.

Therefore, the Defendants move this Court for entry of a Summary Judgment declaring that Lightbox is entitled to no damages (or only nominal damages), as spelled out in more detail in Defendants' Memorandum.

*/s/ Phillip Byron Jones*
**Phillip Byron Jones** (BPR 14125)
EVANS, JONES & REYNOLDS, P.C.
401 Commerce Street, Suite 710
Nashville, TN  37219
Telephone: (615) 259-4685/Fax: (615) 256-4448
Email: Pjones@ejrlaw.com
*Co-Counsel for Defendants/Counter-Plaintiff and Third-Party Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been sent as follows on this the 13th day of June, 2017, to:

| Addressee | Method(s) of Service |
|---|---|
| /s/ Brem Modolvsky<br>**Brem Modolvsky**<br>Brem Modolvsky, LLC<br>411 Lafayette Street, 6th Floor<br>New York, NY  10003<br>212-563-3370 ph.<br>brem@bremlaw.com<br>*Attorneys for Plaintiff/Counter-Defendant* | ☒  Electronically via the Court's ECF System<br><br>☐  U.S. Postal Service (First-Class, Postage Prepaid)<br><br>☐  Email |
|  |  |

*/s/ Phillip Byron Jones*
Phillip Byron Jones

838803.025