```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
LIGHTBOX VENTURES, LLC,                 :      16cv2379(DLC)
                                        :
                Plaintiff,              :      MEMORANDUM OPINION
                                        :         & ORDER
        -v-                             :
                                        :
3RD HOME LIMITED and WADE SHEALY,       :
                                        :
                Defendants.             :
                                        :
---------------------------------------- X
```

APPEARANCES

For Lightbox Ventures, LLC and Andrew Ellner:
Brem Moldovsky
Brem Moldovsky, LLC
411 Lafayette Street, 6th Floor
New York, New York 10003

For 3RD Home Limited and Wade Shealy:
Phillip Byron Jones
Evans, Jones & Reynolds, P.C.
401 Commerce Street, Suite 710
Nashville, TN 37219

DENISE COTE, District Judge:

Based on a showing that the defendants failed to comply with the Court's October 21, 2016 directive ordering Phillip Jones or another attorney at Evans, Jones & Reynolds, P.C. to personally review Wade Shealy's email server, on November 1, 2016, the Court ordered an independent forensic examination of the defendants' electronic servers and personal devices to identify whether electronic documents responsive to Lightbox Ventures, LLC's ("Lightbox") discovery requests had "been

withheld, concealed or deleted." The Court further ordered that the costs of the examination shall be initially borne by Lightbox, subject to a later determination that the costs "be shifted to defendants if the investigation reveals material document spoliation or a material failure to produce documents that could have and should have reasonably been produced."

On November 15, 2016, the Court ordered that the examination take place according to a protocol agreed to by the parties. Under the protocol, the parties agreed that a list of over 100 keyword searches could be used to search the collected data. A substantial number of these keyword searches, such as "exclusive w/2 broker*", relate to 3RD Home Limited's ("Third Home") dealings with brokers other than Lightbox ("Exclusive Brokers").

On September 15, 2017, Lightbox filed a letter requesting reimbursement of costs and attorneys' fees incurred in connection with the examination. According to Lightbox, the examination resulted in delivery to the parties in December 2016 of approximately 26,500 unique documents responsive to the forensic protocol. Lightbox's letter attaches a spreadsheet listing 91 documents that were responsive to discovery demands and that the defendants failed to produce.[1]

---

[1] The spreadsheet also lists 6 documents that Lightbox contends were destroyed by the defendants prior to the examination.

2

The documents described in the spreadsheet are relevant to this litigation. A substantial number of the 91 documents relate to the defendants' arrangements with the Exclusive Brokers. For instance, these documents include communications between Third Home and Exclusive Brokers concerning fees and other agreement terms.

The defendants opposed Lightbox's request for reimbursement on September 29. The defendants do not argue that the 91 documents fell outside the scope of Lightbox's permitted discovery requests. Lightbox replied on October 18.

Under Federal Rule of Civil Procedure 37, courts may impose "a wide range of sanctions for . . . discovery abuses." Mali v. Federal Ins. Co., 720 F.3d 387, 392 (2d Cir. 2013). Under Rule 37(b)(2)(C), if a party fails to obey an order to provide or permit discovery the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Reimbursement of costs and attorneys' fees is appropriate in this case. As described above, the defendants failed to

---

Lightbox concedes that neither it nor its vendor systematically searched for evidence of spoliation.

produce documents that are relevant to this litigation. A substantial number of the 91 documents listed in the spreadsheet concern the defendants' dealings with Exclusive Brokers, which are central to Lightbox's breach of contract and breach of fiduciary duty claims. The defendants do not submit evidence that the 91 documents had been previously produced to Lightbox, or that any failure to produce the documents was justified. Accordingly, it is hereby

ORDERED that Lightbox's request for reimbursement of its costs and expenses incurred in connection with the forensic examination is granted. Lightbox shall submit evidence of its costs and expenses, including attorneys' fees, by December 1.

IT IS FURTHER ORDERED that any argument that the requested amount should not be awarded is due December 15; any reply is due December 22.

Dated: New York, New York
November 15, 2017

_____
DENISE COTE
United States District Judge