UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIGHTBOX VENTURES, LLC,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>    -against-<br><br>3RD HOME LIMITED and WADE SHEALY,<br><br>    Defendants/Counterclaim Plaintiffs<br>    and Third-Party Plaintiffs. | AFFIDAVIT OF RICHARD J.J. SCAROLA<br>IN SUPPORT OF APPLICATION<br>FOR ATTORNEYS' FEES<br><br>16-cv-02379 (DLC) |
| 3RD HOME LIMITED/WADE SHEALY,<br><br>    Third-Party Plaintiffs,<br><br>    -against-<br><br>ANDREW ELLNER,<br><br>    Third-Party Defendant. | |

STATE OF NEW YORK    )
                           : ss.:
COUNTY OF NEW YORK  )

    RICHARD J.J. SCAROLA, being duly sworn, deposes and says:

    1.    I am an attorney admitted to practice in the State of New York, and am a member of the law firm of Scarola Zubatov Schaffzin PLLC, formerly known as Scarola Malone & Zubatov LLP, former counsel for plaintiff LightBox Ventures, LLC ("LightBox"), and third-party defendant Andrew Ellner in this case. I make this Affidavit, in accordance with this Court's Memorandum Opinion and Order of November 15, 2017 (ECF Dkt. No. 152), to document plaintiff's attorneys' fees and costs incurred in conjunction with the Court-ordered forensic investigation into defendants' electronic servers and personal devices.

2. *Preliminary Statement of Facts Relating to Our Being Former Counsel:*

Initially, because we are in the unusual position of former counsel, and currently engaged in collection litigation against our former clients (including the plaintiff in this case and Mr. Ellner), as we understand the Court is aware from submissions made since we withdrew from the representation, we point out the following. First, we make this application at the request of current counsel for the plaintiff. We understand that applicable law provides that the fees and costs that might be awarded would be awarded to the parties and not to our firm directly.[1] Second, we point out that all of the fees and costs sought herein are owed to us by our clients, but that we have not been paid the fees that are being sought for the period after November 1, 2016 (as discussed in ¶¶ 7-11, we discuss our time incurred in connection with the forensic investigation ordered on November 1, 2016, separately from time spent before November 1, 2016, addressing the discovery abuses of the defendants in this case). Based upon some part payments made on open invoices, a small part of the pre-November 1, 2016, time charges discussed herein might arguably be deemed to have been paid, and we state that for the sake of completeness, but we believe that question is ultimately not pertinent to this fee application because all of the amounts described herein are owed and payable to us, whether or not they have yet been paid. At the same time, third, for the sake of clarity in light of communications we have had with current counsel for the plaintiff, we stress that in participating in this application, we do not agree or in any way concede that the amount of fees owed by our former clients for the work in question or any other work would be limited in any way by this submission, what is sought and described in

---

[1] We have a lien based upon our retainer agreement and otherwise against any recovery in this case by the plaintiff and will enforce that lien in the collection case, including, it is anticipated, through a request to the court hearing that matter to direct that any award in this matter be frozen pending determination of the collection case.

2

it, or the determination of this application by this Court.  As with any fee application, the Court might take into account any number of factors in determining an appropriate award insofar as a shifting fees.  But our entitlement to be paid by our clients is not limited by such determination, and is based upon our agreement with our clients; and by participating in this application by submitting this Affidavit and the Affidavit of my colleague Alexander Zubatov, we are not waiving or limiting any rights, including our right to collect in full under our agreement and under applicable law.

3. *The Fee and Costs Application*:  Turning to the application itself, I am the founding and managing partner of Scarola Zubatov Schaffzin PLLC, located in New York, New York, a boutique law firm specializing in complex commercial litigation.  The firm and its predecessors have been serving clients for more than 25 years.  I am admitted to practice in New York State, the United States District Court for the Southern and Eastern Districts and numerous other districts, the United States Court of Appeals for the Second, Fourth, Fifth, Eighth Circuits and the United States Supreme Court.

4. I graduated from Yale University, *cum laude,* and the University of Michigan Law School, *cum laude*, and have been practicing law for more than 35 years.  I have successfully litigated a wide variety of cases in trials and appeals.  My practice specializes in complex commercial litigation matters.

5. Before starting a predecessor tot his firm on 1991, I practiced with Reboul, MacMurray, Hewitt, Maynard & Kristol (now a part of Ropes & Gray) and Chadbourne, Parke, Whiteside & Wolff.

6. My billing rate throughout the period at issue and currently is $765 per hour, which is the agreed rate for my time under the retainer agreement we had with the LightBox and Mr. Ellner.  The rate charged for my legal services in conjunction with this case

was the same as that charged for my work at the time in question in the ordinary course of business in hourly fee matters in commercial litigation to other clients of the firm and was specified in the firm's retainer agreement with Mr. Ellner and LightBox. Based on my knowledge and information, including as the senior partner of this firm whose responsibility includes being informed of billing rates of other attorneys in New York City with similar professional backgrounds and at both large firms and firms the size of ours (and those sizes in between), I am able to state with confidence that the rates charges for my time and for the time of others who worked on the matter were reasonable and in line with or well below the prevailing rates in the New York City legal community for similar services by attorneys of comparable skill and experience.

7. Attached as Exhibit A hereto is a true and correct printout of detailed attorney and paralegal time records of our firm (including my own time charges and the time charges for paralegal work I supervised), kept in the regular course of business using the Timeslips attorney billing software. I have carefully reviewed so much of those time records as pertain to my own work and the work of paralegals under my supervision and have redacted them to include only such time and descriptions of work performed as were directly associated with the forensic investigation at issue and in conjunction with which we understand the Court has permitted recovery of fees per its November 15, 2017, Order — commencing with time on November 1, 2016, the date on which this Court entered its order authorizing the forensic investigation at issue.

8. The total amount of time spent by me in conjunction with the forensic investigation as reflected in Exhibit A was 21.7 hours, corresponding (at $765 per hour) to $16,600.05 in fees.

9. I have also spent at least 10 hours, corresponding (at $765 per hour) to $7,650 in fees, working on this Affidavit and the preparation of our firm's part of this application, including the identification of fees charged relating to the work on investigation and the separation out of the time charges spent on the same days on other matters and the redaction of descriptions of other work, and also addressing the unusual issues presented by reason of our status as former counsel. (I note that I believe I have spent more than this amount, but am limiting the application amount to 10 hours to be certain it fully excludes time spent on dialogue, issues and controversy that exist as between our former clients and out firm.

10. Current counsel for the plaintiffs in this case have advised us that they believe the application for fees should include the work relating to the discovery failings on the part of the defendants prior to and leading up to the November 1, 2016, Order. At their request, we include specification of our time charges and costs in addition to the time described above. It is documented in Exhibit B hereto, a true and correct printout of detailed time attorney time records of our firm, kept in the regular course of business using the Timeslips attorney billing software. I have carefully reviewed so much of those time records as pertain to my own work and have edited them to include only such time as was directly associated with the issue of defendants' deficient discovery responses and our various efforts to address that issue.

11. I spent 18.4 hours, corresponding (at $765 per hour) to $14,076 in fees, addressing and responding to defendants' failure to comply with discovery requests and that directly led to our application for the forensic review and resulted in this Court's authorization of the forensic investigation. While we take no position on whether or not such time would be subject to reimbursement pursuant to the Court's November 15th Order,

5

we have documented such time at the request of plaintiff's current counsel, in the event that such time is held to be subject to the Order or otherwise subject to reimbursement.

12. With regard to expenses, our firm generally bills, including in accordance with the protocol specified in our retainer agreement, a flat charge of 3.5% of our time charges in lieu of billing expenses and disbursements often charged by law firms (such as the costs of copying, data manipulation, electronic legal research, local travel and similar matters). The clients are responsible for those charges, and we ask accordingly that that amount be added (3.5% of the fees sought or at least those allowed) be added to any award as the amount our costs for which reimbursement should be directed in this matter. We make this same request as to the 3.5% charge on the time charges of Mr. Zubatov, and the time of all paralegals, who have worked on the matter (all of which time charges are subject to the same 3.5% charge). Mr. Zubatov's time charges and the time charges of paralegals are described in Mr. Zubatov's separate Affidavit that is being filed contemporaneously with this one.

13. I believe all the fees incurred that are the subject of this Affidavit were reasonable and necessary.

_____
Richard J.J. Scarola

Sworn to me before this
25th day of November 2017

_____
Notary Public

EDMUND ARTHUR SCHAFFZIN
Notary Public, State of New York
Reg. No. 02SC8788887
Qualified in New York County
My Commission Expires Mar. 10, 2019