UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIGHTBOX VENTURES, LLC,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>    -against-<br><br>3RD HOME LIMITED and WADE SHEALY,<br><br>    Defendants/Counterclaim Plaintiffs<br>    and Third-Party Plaintiffs. | AFFIDAVIT OF ALEXANDER ZUBATOV<br>IN SUPPORT OF APPLICATION<br>FOR ATTORNEYS' FEES<br><br>16-cv-02379 (DLC) |
| 3RD HOME LIMITED/WADE SHEALY,<br><br>    Third-Party Plaintiffs,<br><br>    -against-<br><br>ANDREW ELLNER,<br><br>    Third-Party Defendant. | |

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF NEW YORK  )

    ALEXANDER ZUBATOV, being duly sworn, deposes and says:

    1.    I am an attorney admitted to practice in the State of New York, and am an attorney with the law firm of Scarola Zubatov Schaffzin PLLC, formerly known as Scarola Malone & Zubatov LLP, former counsel for plaintiff LightBox Ventures, LLC ("LightBox"), and third-party defendant Andrew Ellner in this case. I make this Affidavit, in accordance with this Court's Memorandum Opinion and Order of November 15, 2017 (ECF Dkt. No. 152), to document plaintiff's attorneys' fees and costs incurred in conjunction with the Court-ordered forensic investigation into defendants' electronic servers and personal devices.

2. I am a commercial litigator with 16 years of experience and have been employed with this firm since 2004. I am a graduate of Yale University (B.A., *summa cum laude*, Phi Beta Kappa, 1997), where I received the E. Francis Riggs Prize for Excellence in the Humanities, and Harvard Law School (J.D., *cum laude*, 2000). In 2000-01, I was Law Clerk to Hon. David G. Trager of the United States District Court for the Eastern District of New York. I practiced at Debevoise & Plimpton LLP after my clerkship.

3. My current billing rate throughout the period at issue and currently is $495 per hour, which is the agreed rate for my time under the retainer agreement we had with the plaintiff and Mr. Ellner. The rate charged for my legal services in conjunction with this case were the same as that charged for my work at those times in the ordinary course of business to other clients of the firm and was identified in the firm's retainer agreement with Mr. Ellner and LightBox. Based on my knowledge and information, I believe that the attorneys' fees and the rates used were reasonable and in line with or lower than those prevailing in the New York City legal community for similar services by attorneys of reasonably comparable skill and experience.

4. Attached as Exhibit A hereto is a true and correct printout of detailed attorney and paralegal time records of our firm (including my own time charges and the time charges for paralegal work I supervised), kept in the regular course of business using the Timeslips attorney billing software. I have carefully reviewed so much of those time records as pertain to my own work and the work of a paralegal working under my supervision (whose time was billed at the rate of $85 per hour, which was the same as that charged for her work at those times in the ordinary course of business, was the agreed rate for paralegal time under the retainer agreement we had with the plaintiff and Mr. Ellner and, based on my knowledge and information, was reasonable and in line with or lower

2

than rates prevailing in the community for similar services) and have redacted them to include only such time and descriptions of work performed as were directly associated with the forensic investigation at issue and in conjunction with which the Court has permitted recovery of fees per its November 15th Order, commencing with time on November 1, 2016, the date on which this Court entered an order authorizing the forensic investigation at issue.

5. The total amount of time spent by me in conjunction with the forensic investigation was 85.9 hours, corresponding (at $495 per hour) to $42,520.50 in fees. The total amount of paralegal time spent in conjunction with the forensic investigation was 4.6, corresponding (at $85 per hour) to $654.50 in fees. Thus, the total amount of fees incurred as a result of my work and work of the paralegal working under my supervision in conjunction with the forensic investigation is $43,175.00.

6. I have also spent 14.7 hours, corresponding (at $495 per hour) to $7,276.50 in fees, working on this Affidavit and the preparation of our firm's application, including the identification of fees charged relating to the work on investigation and the separation out of the time charges spent on the same days on other matters and the redaction of descriptions of other work.

7. In addition to the time described above, I spent 52.4 hours, corresponding (at $495 per hour) to $25,938 in fees, addressing and responding to defendants' failure to comply with discovery requests and that directly led to our application for the forensic review and resulted in this Court's authorization of the forensic investigation. While we take no position on whether or not such time would be subject to reimbursement pursuant to the Court's November 15th Order, we have documented such time at the request of plaintiff's current counsel, in the event that such time is held to be subject to the

Order or otherwise subject to reimbursement. It is documented in Exhibit B hereto, a true and correct printout of detailed time attorney time records of our firm, kept in the regular course of business using the Timeslips attorney billing software. I have carefully reviewed so much of those time records as pertain to my own work and have edited them to include only such time as was directly associated with the issue of defendants' deficient discovery responses and our various efforts to address that issue.

8. I believe all the fees incurred that are the subject of this Affidavit were reasonable and necessary.

_____
Alexander Zubatov

Sworn to me before this
22ᶜᵈ day of November 2017

_____
Notary Public

MICHAEL VAHALA
Notary Public, State of New York
Registration No. 01VA6333035
Qualified in Kings County
Commission Expires November 16, 2019