UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
                                                                                                                            16-cv-02379 (DLC)

LIGHTBOX VENTURES, LLC,

              *Plaintiff*,

-against-

3RD HOME LIMITED and WADE SHEALY,

              *Defendants.*

**DECLARATION OF BREM MOLDOVSKY, ESQ., IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS**

--------------------------------------------------------------- x

3RD HOME LIMITED and WADE SHEALY,

              *Counterclaim Plaintiffs and Third-Party Plaintiffs*,

-against-

ANDREW ELLNER,

              *Third-Party Defendant.*

--------------------------------------------------------------- x

       Brem Moldovsky, Esq., an attorney duly admitted to practice before this Court, being of legal age, does hereby declare and depose under the penalty of perjury that:

       1.     I am an attorney admitted to practice in the United States District Court for the Southern District of New York and am the managing member of the law firm Brem Moldovsky, L.L.C. ("the Firm"), counsel of record for Lightbox Ventures, LLC ("Lightbox") and third-party defendant Andrew Ellner ("Ellner") in the above-captioned matter. I make this declaration on the basis of my personal knowledge except as noted herein.

1

2. I make this declaration in support of Lightbox's application for payment of costs and expenses, including legal fees, in connection with the Orders of this Court dated November 16, 2016 (ECF Doc. # 76) and November 15, 2017 (ECF Doc # 152). The second of those Orders granted "Lightbox's request for reimbursement of its costs and expenses incurred in connection with the forensic examination" required by the first of the Orders, and it further provides that "Lightbox shall submit evidence of its costs and expenses, including attorneys' fees, by December 1," and sets a schedule for opposition and reply papers as well.

Background To This Application For Costs And Expenses

3. The origins of this matter go back to the Summer of 2016 when Plaintiff's former counsel, the firm of Scarola, Malone & Zubatov LLP ("SMZ"), wrote to the Court to complain of a "wholesale failure to disclose" responsive documents. A lengthy dispute followed, resulting in the Court issuing a Forensic Discovery Order (ECF Doc. #76) and Plaintiff hiring a forensic expert called Discovia to examine Defendants' computer systems. The history of these events is summarized in Plaintiff's application to enforce the Forensic Discovery Order (ECF Doc. # 142) and subsequent papers (e.g., ECF Doc. # 147).

4. Meanwhile, my firm took over as counsel in this matter on February 28, 2017, pursuant to a stipulation of substitution that relieved SMZ as Plaintiff's counsel (ECF Doc. #99). Therefore, Plaintiff incurred expenses and attorney's fees and costs as work was performed by SMZ and then my office in the events leading up to, the performance of, and the requests for relief under, the Forensic Discovery Order.

5. Accordingly, Plaintiff's application seeks to recover costs and expenses incurred by both entities as well as by Plaintiff directly, and references the following, accompanying documents: (1) Affidavit of Andrew Ellner together with Exhibits A and B

2

thereto, (2) Affidavit of Richard J. J. Scarola together with Exhibits A and B thereto, (3) Affidavit of Alexander Zubatov, together with Exhibits A and B thereto, as well as (4) my Declaration (this document) and its Exhibits A through D.  Since SMZ's materials cover the time prior to my involvement I do not have personal knowledge of same.

My Firm And Its Associated Professionals

6. I am the founding and managing member of Brem Moldovsky, L.L.C., a New York, New Jersey and Pennsylvania law firm with a primary focus on business and real estate litigation.  I graduated from the University of Pennsylvania Law School in 1996 and attended Yeshiva University for college.  Upon completing a State Court Judicial Clerkship and being offered a clerkship with Pennsylvania's highest state Court, I have been practicing law full time and continuously for over 20 years.  I am admitted to practice in New York State and the United States District Court for the Southern District of New York; New Jersey and the United States District Court for the District of New Jersey; and Pennsylvania and the United States District Courts for the Eastern and Middle Districts of Pennsylvania.

7. My practice has included successfully litigating hearings, trials and appeals, including in complicated real estate and business litigation in New York City.  Further biographical and legal practice experience and successes are listed in Exhibit "A", attached hereto.

8. In addition to myself, I have worked on this litigation with my colleague Mark H. Goldey, Esq., also a 1996 graduate of the University of Pennsylvania Law School and a former law clerk to the Honorable Thomas P. Griesa.  He also has 20 years' experience as a litigation attorney and in public service and corporate practice.  See Exhibit "B" attached hereto

for biographical and professional information of Mr. Goldey, including the courts to which he is admitted and other pertinent information.

9. The primary paralegal in the Firm who worked on this matter is Sheri Forney. See Exhibit "C" attached hereto for biographical and professional information of Ms. Forney, which shows her professional experience and capability.

10. The Firm also utilized paid law clerks Freeman Lewin and Nicole Dovishaw, at the time both 3rd year law students, who worked on the matter under attorney supervision in order to help keep costs reasonable. In the course of my career, I have employed and trained dozens of law clerks, many of whom have gone on to have successful careers in law themselves. The law clerks utilized here were reliable, capable and up to and even exceeded industry standards for the tasks and roles they performed.

Calculation Of Attorney's Fees

11. The "lodestar" procedure for calculating attorneys' fees in Federal court is well established and applies to discovery sanctions pursuant to Fed. R. Civ. P. 37. E.g., Underdog Trucking LLC v. Verizon Services, Corp., 276 F.R.D. 105, 108 (S.D.N.Y. 2011) (citing cases) Bowne v. Ambase, 161 F.R.D. 258 (S.D.N.Y. 1995).[1] "In determining the amount of a fee award, district courts must calculate the presumptively reasonable fee. The starting point for determining the presumptive reasonable [fee] is the 'lodestar' amount, which is the product of a reasonable hourly rate and the reasonable number of hours required by the case. The presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case

---

[1] Mark. H. Goldey, Esq., whose time is included in Plaintiff's application, participated as a summer associate in the litigation leading to the Bowne decision.

effectively." Alicea v. City of New York, 2017 WL 3412100, at *3 (S.D.N.Y. Aug. 8, 2017) (internal citations omitted).

12. "To determine the currently prevailing reasonable rate, courts look first to the lawyer's level of experience." Wong v. Hunda Glass Corp., 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (internal citation omitted). Courts also focus on the prevailing market rate in the district in which the case was brought. Brig v. Port Auth. Trans Hudson, 2014 WL 1318345, at *5 (S.D.N.Y. Mar. 28, 2014). Multiplying the two figures yields the "lodestar" amount, which "results in a presumptively reasonable fee." Underdog Trucking, supra. The lodestar figure, may be increased or reduced "depending on subjective factors such as the level of complexity of the issues involved, the skill of the attorneys involved," on the one hand, and "overstaffing and inflated hours," on the other;  in any event, "the party seeking the departure bears the burden of justifying it." Bowne, supra at 266-267 (internal citations omitted).

13. In this case, Plaintiff prevailed entirely upon its requests for the underlying discovery (Docs. # 49, 52, 63-1, etc.), its request for the Forensic Examination Order (Docs. # 74, 75, 76) and its application for reimbursement pursuant to that Order (ECF Docs # 142, 147.) Declarant's law office (about which Declarant has personal knowledge) staffed this matter appropriately and performed its work skillfully and efficiently, as set forth below. Accordingly, the lodestar amount should not be reduced.

<u>Attorneys' Fees And Costs By Scarola, Malone & Zubatov LLP</u>

14. Filed at the same time as this Declaration are affidavits with fee and time information and records by Mr. Scarola and Mr. Zubatov, prior counsel in this matter for the Plaintiff and Mr. Ellner.

15. Their affidavits speak for themselves, but by way of background, as Mr. Scarola and Mr. Zubatov explain, their work related to the instant matter included various demands, communications, efforts, motions, court letters and such leading to the Forensic Discovery Order in this case, as well as their efforts related to the instant affidavits. In summary, SMZ states that its fees and costs are in excess of $114,715.55 as specifically set forth in their affidavits and supporting documents, which Declarant asks the Court to reviewed for their content and the exact amount indicated.

16. It should be noted that SMZ has raised claims against Plaintiff and Mr. Ellner in New York State Court.

17. I have no personal knowledge as to the veracity of Counsel's declaration due to lack of this Firm's involvement at the time. So, this is an exception to when I say above that this declaration is made upon personal knowledge. Accordingly, this Declaration in these regards is not, is not intended to be, and does not contain any adoptive admissions.

18. It is further noted that Plaintiff and Mr. Ellner do not agree that SMZ has an attorney's lien against or related to this matter, and has not made an application for such a lien. In any event, any lien asserted should have no bearing on the Court's ability to award an appropriate sanction pursuant to its Orders (ECF Docs. # 76 and 152).

19. Issue is therefore taken with their request to be paid directly, generally, and directly for amounts claimed in their papers, whether the Plaintiff has already paid them for such tasks or not.

20. It is also noted that in the State Court litigation my clients are asserting that Mr. Ellner is not bound under and did not agree to the Agreement between their law firm and the Plaintiff.

21. It is also worth noting that the total billing on this case from their firm has been in the area of about $600,000 with about half having already been paid by or on behalf of Plaintiff.

Attorneys' Fees And Costs Incurred By Brem Moldovsky L.L.C.

22. This Firm's agreement with Plaintiff is for hourly rates for attorney time of $360 and hourly rates for paralegal time of $150.

23. The billing rate for myself and attorneys doing work with this firm during this period is generally $360 per hour and we will at times agree to discounted rates between $250 and $360 per hour. Paralegal rates during this period are $150 per hour and sometimes discounted to $125 to $135 per hour. Further, as is generally my custom, some of my time is recorded as paralegal time in that I attempt, for tasks I do that a paralegal can do, to record and bill such time at the paralegal rate of $150 per hour.

24. During this period of time, including 2016-2017, the hourly rates charged by my firm for my hourly work and other attorney hourly work is between $250 and $360 per hour and for paralegal work between $125 and $150 per hour.

25. Upon being retained and entering as Counsel of record in the matter on February 28, 2017, attorneys, paralegals and law clerks under my supervision began working on the matter, including the outstanding forensic discovery issue. In the months that followed, I with my colleagues' help engaged with Defendants' counsel regarding this issue. We also transitioned Plaintiff's access to Discovia to our Firm and began to navigate the repository of documents. After significant correspondence with counsel in April and May of 2017 about fee shifting pursuant to the Forensic Discovery Order yielded no resolution, we compiled a database of (1) responsive documents that we did not believe had been turned over in discovery and (2)

documents obtained from other sources that were not present in the Discovia archive. This required sifting through of thousands of emails, removing duplicates, and creating a mechanism to efficiently compare the resulting list against the documents provided by Defendants or obtained from Mr. Shealy, Plaintiff himself, or other sources. We also took pains to determine whether the documents so-located were responsive to document requests, interrogatories or court orders, and prepared a spreadsheet of the same (which the Court has seen; ECF Doc. # 142-1). After doing so and winnowing the list down to 91 documents that were clearly responsive and relevant (plus 6 documents that appear to have been destroyed), in August 2017 we wrote to counsel for Defendants and were again rebuffed. At that point, we finalized the spreadsheet attached to the letter motion (ECF Doc. # 142), prepared and copies of the relevant documents, and prepared and filed Plaintiff's Fee Shifting letter motion in September 2017. Thereafter, we spent time engaging with the Defendants' October 2017 Opposition (ECF Docs. # 144-146), preparing and filing an October 2017 Reply thereto (ECF Doc. # 147 and its exhibits), absorbing and following the November 15, 2017 Opinion and Order hereon, and working on the instant application in November 2017 though the date of this Declaration.

26. Attached hereto as Exhibit "D" is a true and correct copy of this Firm's billing records, contemporaneously maintained, carefully reviewed and redacted to remove time not relevant to the instant application. These records show time entries pertaining to the issues subject to this application pursuant to the Court's Orders of November 1, 2016, and November 15, 2017. The billing records have been carefully reviewed by me and accurately reflect the hours, fees and costs for tasks performed by Brem Moldovsky, L.L.C. and associated attorneys, paralegals and law clerks under the supervision of myself and Mr. Goldey, that relate to the

subject to this application, and for which Lightbox seeks an appropriate award of its costs and expenses, including such attorneys' fees.

27. Mr. Moldovsky and Mr. Goldey are experienced attorneys, each having more than 20 years of experience practicing law and in successfully litigating cases. In light of their experience and the market rate for attorneys in this District, the $360 per hour fee requested in this application is by all means reasonable. See, e.g., Brig, supra, at *5 (finding $450 per hour a reasonable rate); Alicea, supra, at *5 (finding $500 per hour a reasonable rate for an attorney with 14 years experience; noting that attorney Sanborn had charged $450/hour as a solo practitioner with 15 years experience); Bailey v. Pataki, 2016 WL 3545941, at *6 (S.D.N.Y. June 16, 2016) (finding $550 per hour a reasonable rate for attorneys with at least a decade of experience); Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC, 2014 WL 4792082, at *2 (S.D.N.Y. Sept. 24, 2014) ("In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour."). In addition, I note that "district courts should not treat an attorney's status as a solo practitioner as grounds for an automatic reduction in the reasonable hourly rate." McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund, 450 F.3d 91, 98 (2d Cir. 2006).

28. Furthermore, this Court has previously held that:

> In determining whether the claimed hours were reasonably expended, "the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." Bliven, 579 F.3d at 213 (citation omitted).

Gesualdi v. Laws Const. Corp., 759 F. Supp. 2d 432, 446 (S.D.N.Y. 2010), aff'd in part, vacated in part, remanded, 485 F. App'x 450 (2d Cir. 2012). The Court "may also rely on its own knowledge of hourly rates charged in private firms to determine what is reasonable in the

relevant community." Bobrow Palumbo Sales, Inc. v. Broan-Nutone, 549 F.Supp.2d 274, 280 (E.D.N.Y. 2008) quoting Nike, Inc. v. Top Brand Co., 2006 WL 2946472, at *4 (S.D.N.Y. Feb. 24, 2006).

29. Ms. Forney's experience as a paralegal is commensurate with the $150 per hour rate sought here. She has nearly six year of experience, a degree in paralegal studies, does an excellent job and receives compliments from other firm regularly.

30. Mr. Lewin and Ms. Dovishaw's experience as law clerks are also commensurate with the $150/hour rate sought here due to their professional training and the quality of the work they performed for Plaintiff.

31. Based on my knowledge and information, including information about the billing rates of other attorneys, paralegals and law clerks in New York City with similar professional backgrounds, I am able to state with confidence that the rates charged for my time and for the time of others, in particular Mr. Goldey, Ms. Forney and the various law clerks who worked on this matter, were reasonable and in line with or well below the prevailing rates in the New York legal community for similar services by attorneys, paralegals and law clerks of comparable skill and experience.

32. Thus, the total fees incurred by this Firm in connection with the Forensic Discovery Order, for which Plaintiff now seeks reimbursement, is $69,669, which represents 126.9 attorney hours at $360 per hour, 45.4 paralegal hours at $150 per hour, and 114.5 law clerk hours at $150 per hour.

33. Certainly there was more related time expended that has not been parsed out and included, for example, time spent in depositions with questions and answers relevant to

the forensic discovery work, which is another example of the reasonableness of this Firm for the Court to consider.

34. As noted above, the time and billing costs of Mr. Scarola and Mr. Zubatov and their firm are referenced above and included in their materials.

Costs and Expenses Incurred By Plaintiff And Mr. Ellner

35. Filed along with this declaration is a true and correct copy of the Affidavit of Andrew Ellner, corporate representative of Lightbox Ventures, LLC and Counterclaim Defendant, attesting to his time spent and costs accrued related to the Forensic Discovery Order.

36. Again, this affidavit speaks for itself, but in summary Mr. Ellner avers that Plaintiff has incurred the following costs: (a) $17,934.14 paid to Discovia to conduct the forensic examination and make the results available, (b) $953.87 to a vendor named VDiscovery for costs associated with copying, filing and submitting to the Court the motion papers leading to the Court's November 15, 2017 fee-shifting Order (ECF. Doc. # 152), (c) $11,400 representing reasonable value of Mr. Ellner's time at the $150 per hour paralegal rate of this firm, which reflects time spent reviewing the Discovia documents, comparing them to other discovery documents, and assisting counsel. Such time, as he explains, and I agree, would have been done by a staff attorney or a paralegal if he had not done so.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: December 1, 2017

_____
Brem Moldovsky, Esq.