UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIGHTBOX VENTURES, LLC,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>-against-<br><br>3RD HOME LIMITED and WADE SHEALY,<br><br>    Defendants/Counterclaim Plaintiffs and<br>    Third-Party Plaintiffs.<br><br>3RD HOME LIMITED/WADE SHEALY,<br><br>    Third-Party Plaintiffs,<br><br>-against-<br><br>ANDREW ELLNER,<br>    Third-Party Defendant. | **DEFENDANTS' OPPOSITION**<br><br>**TO**<br><br>**AMOUNTS SOUGHT IN**<br>**PLAINTIFF'S EXPENSE/FEE CLAIM**<br><br>**[Doc. 165]**<br><br>16-cv-02379 (DLC) |

In the Court's November 15 Order **[Doc. 152]**, it determined that Plaintiff's request for reimbursement of costs and expenses related to forensic discovery was appropriate. Plaintiff was to submit, by December 1, 2017, evidence of its costs and expenses, including attorneys' fees.

In its December 1 papers, Plaintiff contends that:

- the costs incurred with the e-discovery vendor total $17,934.14 plus a related charge of $953.87 **[Ellner Aff., ¶¶ 3-4, Doc. 162]**; and,

- the related legal fees are $183,729.55.  **[Doc. 165]**

**Vendor Fees**

The Defendant ["3HL"] does not quibble with the amount sought in connection with the e-discovery vendor. That vendor analyzed the documents and provided Plaintiff with a detailed report which identified the e-documents that Plaintiff claimed did not match the prior paper documents. That report was attached to Plaintiff's papers **[Doc. 147-1, p. 1-5]**.

**Legal Fees**

Yet, Plaintiff claims it *also* spent $183,729.55 for legal fees related to the same issue. Plaintiff's fee claim of $183,729.55 on this single issue is for the services of two firms; including four attorneys, three paralegals, and two law clerks. In contrast, the legal fees incurred by 3HL, since the inception of this case, for all issues in this case, total the lesser amount of $182,919.01 **[Jones Aff., Doc. 167]**.

Moreover, and in relation to e-discovery, there were very little legal services actually provided. The Plaintiff filed a Motion for e-discovery which 3HL did not oppose **[Doc. 72]**. It later filed another Motion regarding that e-discovery. However, the Court ruled in favor of 3HL regarding that Motion **[Doc. 90]**. It then filed its Motion for an Award of Costs and Expenses, Including Attorneys' Fees **[Doc. 147]**. Admittedly, 3HL was unsuccessful in opposing that Motion. However, and for the reasons set forth below, 3HL contends that it is not appropriate to award Plaintiff legal fees totaling $183,729.55 for any number of the following reasons:

- The proof will show that the Plaintiff has not actually incurred all of those fees;

- The proof will show that the Plaintiff actually disputes owing the fees to his prior firm and has filed litigation papers against it to establish as much;

- The proof will show that the Plaintiff has not actually paid all of those fees and, in fact, has refused to do so; and

- The fees are not reasonable, and many were not necessary.

### The Plaintiff's Various Legal Teams

This action was filed in early 2016 by the law firm, *Scarola, Malone & Zubatov* ["the Scarola Firm"]. Plaintiff later got into a dispute with the Scarola Firm, fired them, and then hired a California attorney named Jack Olivo ["the Olivo Firm"], as replacement counsel. Plaintiff later hired the firm of Brem Modolvsky ["the Modolvsky Firm"], as replacement counsel (*i.e.,* Plaintiff's third legal team) **[Jones Aff., Doc. 167]**.

Plaintiff's pending fee claim is broken down by *those* law firms; namely:

- $114,060.05 for the Scarola Firm,
- $     -0-     for the Olivo Firm, and
- $ 69,669.00 for the Modolvsky Firm.

3HL responds in like manner.

### Plaintiff's Claims Related to the Scarola Firm

The Scarola Firm was Plaintiff's initial legal team from the spring of 2016 through the end of 2016. In all, the Scarola Firm was involved for eight months. It contends that during that eight-month period, that its services generated legal fees totaling over $600,000 **[Doc. 118; and Jones Aff., Doc. 167]**. This is notwithstanding that no depositions were taken during that time period. In fact, the primary scope of the representation of the Scarola Firm was the failed attempt by it in the fall of 2016 to obtain an Injunction. Following an extensive hearing, this Court denied that request for injunctive relief [**Doc. 69**]. Yet, Plaintiff now claims that from those services, that it incurred $114,060.05 related solely to the issue of forensic discovery.

The paper discovery occurred in the summer of 2016. In the fall of 2016, Plaintiff raised for the first time an issue regarding 3HL's discovery responses. It then asked for forensic discovery. There was no opposition by 3HL. *See,* 3HL's Response, wherein it stated that "*it consents to a third party analyzing its server to capture any emails retrieved pursuant to defined search terms…*" **[Doc. 72]**.

Thereafter, on December 28, 2016, the Scarola Firm filed a discovery Motion related thereto. However, by Order dated December 30, 2016, this Court <u>denied</u> that Motion **[Doc. 90]**. At that point, the Scarola Firm effectively withdrew from this case and/or was terminated. Notwithstanding, the Plaintiff now contends that of the $600,000 billed to it by the Scarola Firm, that $114,060.05 was related solely to this limited discovery issue [**Docs. 118, 167-1, and 167-2**].[1]

In connection with the Scarola Firm portion, the Plaintiff breaks their fee claims into three departments; namely:

1. **<u>Prior</u> Fees Related to Addressing and Responding to 3HL's Failure to Comply with Discovery Requests:**

   - Attorney Zubatov: $25,938.00   (52.4 hours)
   - Attorney Scarola:  $14,076.00   (18.4 hours)

2. **<u>Prior</u> Fees Related to "Forensic Investigation:"**

   - Attorney Zubatov: $42,520.00   (85.9 hours)
   - Attorney Scarola:  $16,600.05   (21.7 hours)

3. **<u>Recent</u> Fees Related to Preparation of their Fee Affidavits:**

   - Attorney Zubatov: $ 7,276.50   (14.7 hours)
   - Attorney Scarola:  $ 7,765.00   (10.0 hours)

In all, Plaintiff seeks reimbursement of attorneys' fees of $99,134.05 allegedly <u>previously</u> incurred, while still represented by its initial lawyers (the Scarola Firm). It seeks an additional $15,041.50 for the time the Scarola Firm <u>recently</u> spent in preparing two Affidavits (which the Plaintiff relies upon in support of its Fee Claim) [**Docs. 163, 164**].[2]

---

[1] The Court entered a Stay in early January, 2017, which continued until April, 2017 (to allow for settlement discussions). Thus, there was <u>no</u> work performed in that interim period related to forensic discovery [**Docs. 92, 94 and 111**].

[2] It is unimaginable to 3HL that the Plaintiff's former law firm (the Scarola Firm) generated fees of over $15,000 to prepare two short Affidavits.

**Plaintiff's Claims Related to the Olivo Firm**

When the Plaintiff terminated the Scarola Firm, it briefly hired a California attorney named Jack Olivo. Mr. Olivo was involved in the case for approximately 2-3 months in an effort to reach a resolution. To facilitate those discussions, the Court issued several Orders staying all issues in the case from January 12, 2017 until April 3, 2017 **[Docs. 92, 94, 101]**.

Plaintiff does not seek reimbursement for any fees related to the Olivo Firm. The length of the Court's Stay, however, is material, as <u>no</u> forensic related work occurred (or could have occurred) from January 12, 2017 to April 3, 2017 (as <u>all</u> discovery issues were Stayed) **[Docs. 92, 94, 101]**.

**Plaintiff's Claims Related to the Modolvsky Firm**

The Court's Order providing for forensic discovery was issued on November 2, 2016 **[Docs. 74, 75]**. The forensic discovery occurred thereafter during the month of November of 2016. Plaintiff's former attorneys (the Scarola Firm) had the results of that forensic analysis by late November or early December, 2016. This is evident by the fact that they then filed a Motion related thereto on December 28, 2016 **[Doc. 88]**. 3HL opposed that Motion and the Court ruled in favor of 3HL regarding to that Motion [**Doc. 90**].

Yet, the Plaintiff now contends that it later incurred an additional $69,669 for forensic-related fees for its third legal team (*i.e.,* the Modolvsky Firm) (even though it was not hired until months later).

In connection with the Modolvsky Firm's services, Plaintiff alleges that the Modolvsky Firm fees are *also* related to the issue of forensic discovery. In connection therewith, Plaintiff seeks to recover the following *additional* fees:

- Attorney Modolvsky (and an Associate)   $45,684
- Paralegals                              $ 6,810
- Law Clerks                              <u>$17,175</u>
  - Total                                 $69,669

**[Doc. 165]**

Thus, in total, the Plaintiff seeks $183,729.55 in fees, which it contends were incurred with its first legal team, and its third legal team, from a team of four (4) lawyers, two (2) paralegals and two (2) law clerks [**Docs. 163, 164 and 165**].

## I.
## The Amounts Sought in Fees are Undocumented, Excessive and Unnecessary

As noted, the fees incurred by 3HL in this <u>entire</u> case total $182,919.01. In contrast, the Plaintiff contends that it has incurred the *larger* amount of $183,729.55 in addressing only <u>one</u> issue.

Humbly, 3HL believes that the issue of whether the current fee claim is reasonable should be taken in the context of all of the issues involved in this case. In connection with those issues, 3HL's counsel made five (5) trips from Tennessee to New York, including those necessary for (1) the Initial Case Management Conference, (2) the Court-Ordered Settlement Conference, (3) the Injunction hearing and (4) the later depositions. Additionally, the fees incurred by 3HL's counsel were directly related to successful elements of the case, including but not limited to the following:

- Successfully defeating Plaintiff's Request for Injunctive Relief [**Doc. 69**];

- Successfully obtaining an Order barring Plaintiff's experts [**Doc. 149**];

- Successfully obtaining Partial Summary Judgment, throwing out Plaintiff's larges claims [**Doc. 149**]; and,

- Successfully defeating Plaintiff's Motion for Summary Judgment whereby it sought to have 3HL's Counter-Claim thrown out [**Doc. 149**].

It seems unimaginable, therefore, that Plaintiff incurred a larger amount in filtering through only one issue in this case. This seems particularly the case, given that 3HL did not oppose the Motion for Forensic Discovery [**Doc. 72**], and also, that the e-discovery vendor hired by Plaintiff was able to provide detailed charts to the Plaintiff which addressed the documents that Plaintiff complained should have been produced earlier. That vendor's report has been filed with the Court [**Doc. 147-1, p. 1-5**]. That vendor billed Plaintiff over $17,000 for that work and the related report. Yet, Plaintiff now claims that four lawyers, two paralegals and two law clerks were also necessary on the same issue.

**The Lack of Certainty Regarding the Claim**

Plaintiff submitted the Affidavits of Attorneys Scarola, Zubatov and Modolvsky. Each Affidavit identifies the hours allocated to these matters. The Affidavits from the Scarola Firm also segregate their time into three areas (namely, time addressing discovery; time related to forensic investigation; and time incurred preparing their Affidavits). However, the Scarola Firm's Affidavits merely summarize their time. In relation to the Scarola fees, the Plaintiff has not provided any of the following:

- Proof of actual invoices for services provided (*i.e.,* copies of monthly bills, or otherwise); or
- Proof of actual payments for those fees (*i.e.,* copies of payment records). [3]

**The Scarola Fees May Not Actually Be Owed**

To obtain an award for reimbursement of fees to the Scarola Firm, Plaintiff would have the burden of showing that it had actually incurred fees to the Scarola Firm, has paid those fees (or is obligated to pay those fees). Those issues are <u>materially</u> disputed.

This is because the Scarola Firm sued the Plaintiff on April 6, 2017 contending that its bills for over eight months totaled over $600,000, but that the Plaintiff failed to pay them

---

[3] It would have been simple for them to submit actual bills, as the term of their representation was only from the spring of 2016 until the end of 2016.

$301,468.91 [**Doc. 118**]. In opposition, the Plaintiff filed the Affidavit of its owner, Andrew Ellner, who aggressively attacked the billing methods of the Scarola Firm and contended that it had misled him regarding their fee arrangement [**Jones Aff., Exh. B, Doc. 167-2**].

Mr. Ellner's Affidavit in that case alleges that the Scarola Firm agreed to convert their representation to a contingency fee arrangement, but then tried to dishonor that arrangement which, according to Mr. Ellner's Affidavit, was a "bait and switch." [**Jones Aff., Exh. B, Doc. 167-2**]

Thus, the sworn Affidavit filed by Mr. Ellner in <u>that case</u> completely belies the Fee Application his company submits in <u>this case</u>. Accordingly, a fee award for the Scarola element of the claim would be an unsubstantiated windfall.

**<u>The Modolvsky Flat Fee Arrangement</u>**

With regard to the Affidavit of Attorney Modolvsky, he likewise calculates a numerical number of "hours" and multiplies it by his hourly rate to support a fee claim. He contends he had a fleet of paralegals and law clerks also involved and adds those in, as sub-claims ($45,684 in legal fees, plus $6,810 in paralegal fees, and $17,175 in law clerk fees) [**Doc. 165**]. However, like the Scarola element of the claim, Modolvsky likewise provides no copies of actual legal bills. Thus, and in relation to the Modolvsky fees, the Plaintiff has not provided any documents reflecting:

- Proof of actual invoices for services provided (*i.e.,* monthly bills, or otherwise); or
- Proof of actual payments for those fees (*i.e.,* payment records).

Additionally, the e-discovery was completed before the end of 2016 (prior to Modolvsky being hired).

Most telling, however, is the fact that the Modolvsky Firm was apparently hired on a flat-fee arrangement. Plaintiff agreed to pay the Modolvsky Firm a flat fee of $100,000 to complete their representation **[Jones Aff., Doc. 167]**. Thus, the Plaintiff would have incurred the flat fee to the Modolvsky Firm whether the Modolvsky Firm later provided extensive work, limited work, discovery-related work, or otherwise. On this issue, it is noteworthy that the Affidavit of Brem Modolvsky does not attach copies of any actual bills or a payment ledger. Simply stated, the Plaintiff may not have incurred any fees with the Modolvsky Firm related to the forensic discovery dispute. To award the Plaintiff reimbursement of $69,669, allegedly attributable to the Modolvsky Firm, would be an unsubstantiated windfall.

## II.
## The Offsetting Claims

3HL acknowledges that this Court may award some amount to Plaintiff for costs and expenses, including attorneys' fees. However, any fee awarded should be held by this Court in abeyance pending the final adjudication of all claims and counter-claims involved herein. This is for the following reasons:

1. 3HL has a Counter-Claim pending against the Plaintiff, which provides for statutory damages of up to $100,000, per violation under 15 U.S.C. §1117(d) and for the recovery of attorneys' fees, by statute.

2. Plaintiff sought to have that Counter-Claim dismissed, pursuant to Rule 56. However, this Court denied that request [**Doc. 149**]. Accordingly, 3HL will be litigating at the trial its Counter-Claims, which include the right to recover statutory damages and attorneys' fees.

3. The Court has already entered an Order dismissing the Plaintiff's claim for the recovery of lost profits totaling $278,487 [**Doc. 149**].

4. The Court has already entered an Order dismissing the Plaintiff's claim for the recovery of a portion of the alleged value of the joint venture, which Plaintiff claimed was somewhere between $6.6 Million and $11.6 Million [**Doc. 149**].

5. 3HL was the prevailing party regarding the disposition of the above-referenced claims and will later have a fee claim under the fee-shifting clause in the contract.

Accordingly, any interim award that this Court may give the Plaintiff for costs and expenses related to forensic discovery should be held in abeyance (*i.e.,* as a non-final Order) and applied, thereafter, to any award that 3HL may receive in connection with its Counter-Claims, which are set for trial per this Court's Order [**Docs. 149 and 151**].

*/s/ Phillip Byron Jones*
**Phillip Byron Jones** (BPR 14125)
EVANS, JONES & REYNOLDS, P.C.
401 Commerce Street, Suite 710
Nashville, TN 37219
Telephone: (615) 259-4685/Fax: (615) 256-4448
Email: Pjones@ejrlaw.com
*Co-Counsel for Defendants/Counter-Plaintiff and Third-Party Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent as follows on this the 15th day of December, 2017, to:

| Addressee | Method(s) of Service |
|---|---|
| /s/ Brem Modolvsky<br>**Brem Modolvsky**<br>Brem Modolvsky, LLC<br>411 Lafayette Street, 6th Floor<br>New York, NY 10003<br>212-563-3370 ph.<br>brem@bremlaw.com<br>*Attorneys for Plaintiff/Counter-Defendant* | ☑ Electronically via the Court's ECF System<br>☐ U.S. Postal Service (First-Class, Postage Prepaid)<br>☐ Email |

*/s/ Phillip Byron Jones*
Phillip Byron Jones

838803.037