**BREM MOLDOVSKY**
Email: brem@bremlaw.com
Admitted in NJ, NY and PA

Brem Moldovsky, L.L.C. was formed
in PA & Registered in NJ & NY

**PENNSYLVANIA**
100 NORTH 18TH STREET
SUITE 300
PHILADELPHIA, PA 19103

PHONE   (215) 546-9957
FAX        (215) 546-9942



**BREM MOLDOVSKY L.L.C.**

www.bremlaw.com

**MEMO ENDORSED**

April 9, 2018

**NEW YORK**
411 LAFAYETTE STREET
SIXTH FLOOR
NEW YORK, NY 10003

PHONE (212) 563-3370
FAX       (212) 563-3371

**NEW JERSEY**
103 CARNEGIE CENTER
SUITE 300
PRINCETON, NJ 08540

PHONE (201) 894-8930
FAX       (201) 894-8933

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/9/2018

    Re:    Lightbox Ventures, LLC vs. 3rd Home Limited *et al.*, No.: 1:16-cv-02379-DLC

Your Honor:

    We are counsel to Lightbox Ventures, LLC ("Lightbox") and Mr. Andrew Ellner, Plaintiff and Counterclaim/Third-Party Defendants in the above-referenced action. We submit this letter motion for leave to withdraw as counsel pursuant to Local Civil Rule 1.4.

    This firm has, for some time, experienced difficulty communicating effectively with Mr. Ellner and the Plaintiff, which difficulty has grown over time. There have been and remain strategic differences as well concerning the manner of Lightbox's pursuit and defense of the claims in this litigation. In addition, this firm has found itself in the difficult position of being owed substantial fees by Lightbox and Mr. Ellner with substantial attorney and paralegal time that has not been paid pursuant to our agreement. Such arrears place a truly unjust burden and hardship on a small firm, and exacerbate the communications and strategic difficulties that have arisen. The prospect of continuing in this manner limits our ability to effectively serve other clients and unfairly prevents us from taking on other matters. If the Court wishes, the undersigned is prepared to substantiate such information *in camera*.

    As a result of the foregoing, irreconcilable differences exist between the Plaintiff and Mr. Ellner, and this firm, making withdrawal appropriate. It is well-settled that a lawyer may seek to withdraw as counsel when the client "renders it unreasonably difficult for the lawyer to carry out [such] employment effectively." Indeed, "the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing the client." (citations omitted). U.S. v. Lawrence Aviation Industries, 2011 WL 601415 (E.D.N.Y. 2011); See also

The Honorable Denise L. Cote    p. 2
April 9, 2018

Terry v. Incorporated Village of Patchogue, 2007 WL 2071557 (E.D.N.Y. 2007); Griffin v. Norwegian Cruise Line, Limited, 2002 WL 500375 (S.D.N.Y. 2002) ("Further, courts in the Southern and Eastern District of New York have found that the existence of an irreconcilable conflict between an attorney and his client is a sufficient basis for withdrawal. "); Casper v. Lew Lieberbaum & Co, 1999 WL 335334 (S.D.N.Y. 1999); Farrell v. County Van & Storage, Inc., 1996 WL 705276 (E.D.N.Y. 1996). It is also believed that withdrawal is appropriate under the NY Rules of Professional Conduct 1.16(b)(6)&(7).

The status of the litigation is as follows: trial submissions have been submitted and the case is with the Court. The undersigned submits that this is an appropriate time to make this application as there is no upcoming filing deadline and the parties await the Court's decision. To the extent necessary after the Court's decision issues, this firm asks for a reasonable stay of proceedings in this action to provide Plaintiff and Mr. Ellner sufficient time to secure other counsel for this matter if they so choose.

Previously and recently, including throughout last week, this firm has provided the Plaintiff and Mr. Ellner with much reasonable notice of the intention to request to withdraw and the issues have still not been cured, even though Mr. Ellner and the Plaintiff had previously agreed that this firm could withdraw if payment was not made.

Counsel for the Defendants has confirmed that there is no objection to this application.

For the reasons set forth above, we respectfully request that the Court grant leave to the undersigned to withdraw as Counsel for the Plaintiff and Mr. Ellner in this matter.

Respectfully submitted,

/s/ Brem Moldovsky
Brem Moldovsky, Esquire
Brem Moldovsky, L.L.C.
Attorney for Lightbox Ventures,
LLC, and Andrew Ellner

cc:   Phillip B. Jones, Esq. (PJones@ejrlaw.com)
      Andrew Ellner and Lightbox Ventures, LLC (aellner@lightboxcap.com)

*[Handwritten note:]* The application for leave to withdraw is granted as of the date the decision on the trial is rendered.

*Denise Cote*
4/9/18

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

LIGHTBOX VENTURES, LLC,

        *Plaintiff*,

    -against-

3RD HOME LIMITED and WADE SHEALY,

        *Defendants.*

-------------------------------------------------------------- x

3RD HOME LIMITED and WADE SHEALY,

        *Counterclaim Plaintiffs and*
        *Third-Party Plaintiffs*,

    -against-

ANDREW ELLNER,

        *Third-Party Defendant.*

-------------------------------------------------------------- x

16-cv-02379 (DLC)

## **CERTIFICATE OF SERVICE**

    Brem Moldovsky, Esquire, an attorney admitted to practice before this Court, does hereby declare under the penalty of perjury that on April 9, 2018 I caused a true and correct copy of the foregoing Letter Motion to Withdraw as Counsel to be served via E-mail and ECF upon:

Phillip Byron Jones, Esquire
Evans, Jones & Reynolds, P.C.
Pjones@ejrlaw.com;

Andrew Ellner
aellner@lightboxcap.com

Dated: New York, New York
       April 9, 2018

                                                      /S/ *[signature]*
                                                     Brem Moldovsky, Esq.