```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
LIGHTBOX VENTURES, LLC,                 :    16cv2379(DLC)
                                        :
                Plaintiff,              :    MEMORANDUM OPINION
                                        :         & ORDER
        -v-                             :
                                        :
3RD HOME LIMITED and WADE SHEALY,       :
                                        :
                Defendants.             :
                                        :
----------------------------------------X
```

APPEARANCES

For the plaintiff:
Jonathan R. Miller
The Law Firm of Jonathan R. Miller
100 Overlook Drive, 2nd Floor
Princeton, New Jersey 08540

For the defendants:
Phillip Byron Jones
Evans, Jones & Reynolds, P.C.
401 Commerce Street, Suite 710
Nashville, Tennessee 37219

DENISE COTE, District Judge:

On May 3, 2018, plaintiff Lightbox Ventures, LLC ("Lightbox") moved for attorneys' fees and expenses incurred litigating this action for the roughly eight-month period preceding October 28, 2016. For the following reasons, Lightbox is awarded $100,000.

## **Background**

This case involves a failed joint venture (the "Joint

Venture") between the parties to earn commissions and fees from the sale of vacation homes on a real estate listing website (the "Website"). Lightbox was to create and operate the Website, and defendant 3RD Home Limited ("Third Home") was to maintain a link to the Website on Third Home's website. The parties entered a joint venture agreement (the "Agreement") on July 13, 2015. The Website became operational in January 2016. Third Home, however, never activated the link to the Website, and had instead begun pursuing exclusive broker agreements with other real estate listing companies (the "Exclusive Brokers"), in breach of its fiduciary duty to Lightbox.

The Agreement contains a provision shifting attorneys' fees in the event of a dispute:

> If either party employs attorneys to enforce any rights arising out of or relating to this agreement, the losing party shall reimburse the prevailing party for its reasonable attorneys' fees and costs.

The Agreement provides in Paragraph 4(a) that New York law governs.

Lightbox sued Third Home and its CEO, Wade Shealy, in March 2016 for breach of contract and breach of fiduciary duty arising out of Third Home's decision to terminate the Joint Venture and pursue relationships with the Exclusive Brokers. Third Home later filed counterclaims against Lightbox and its CEO Andrew Ellner arising out of Ellner's use of Third Home trademarks

after this lawsuit was filed.

On July 13, 2016, Lightbox filed a motion for a preliminary injunction to prevent Third Home from entering brokerage agreements or promoting brokerage services other than with Lightbox. A hearing was held on October 21, and the motion was denied on October 28. See Lightbox Ventures, LLC v. 3RD Home Ltd., No. 16cv2379(DLC) 2016 WL 6562107, at *1 (S.D.N.Y. Oct. 28, 2016) (the "Preliminary Injunction Opinion"). The Preliminary Injunction Opinion explained that Lightbox was likely to succeed at proving at trial that Third Home breached the Agreement by, inter alia, failing to activate the link to the Website, and also breached its fiduciary duty to Lightbox as its partner in the Joint Venture by entering agreements with the Exclusive Brokers. See id. at *8, *10. The Preliminary Injunction Opinion denied a preliminary injunction, however, on the ground that Lightbox failed to show that it would be irreparably harmed without preliminary relief. See id. at *10. The Preliminary Injunction Opinion explained that the Joint Venture had "never got[ten] off the ground" and that Lightbox had not shown that "a viable, profitable business was about to launch" before Third Home breached the Agreement. Id. at *10-11. The Opinion specifically noted that "Lightbox's argument that the Joint Venture was poised to capture a large share of the vacation homes sales business is speculative." Id. at *11.

The parties then cross-moved for summary judgment, and each motion was granted in part on November 13, 2017 (the "Summary Judgment Opinion"). See Lightbox Ventures, LLC v. 3RD Home Ltd., No. 16cv2379(DLC), 2017 WL 5312187 (S.D.N.Y. Nov. 13, 2017). Later, the parties consented to trial on the remaining issues on submission to the Court. In a Trial Opinion issued April 13, 2018, the Court held Third Home and Shealy liable to Lightbox on its breach of contract and breach of fiduciary duty claims, awarding Lightbox $67,088.19 on the breach of contract claim and $26,250 on the breach of fiduciary duty claim. See Lightbox Ventures, LLC v. 3RD Home Ltd., No. 16cv2379(DLC), 2018 WL 1779346, at *10, *12 (S.D.N.Y. Apr. 13, 2018). The Trial Opinion denied Lightbox's request for specific performance and found Ellner liable to Third Home on one of Third Home's trademark counterclaims, awarding Third Home $10,000 for this counterclaim. See id. at *13, *14-15.

The Trial Opinion also held that Lightbox was entitled to a reasonable attorneys' fee under the fee-shifting provision of the Agreement. See id. at *17. The Trial Opinion, however, limited this award to fees incurred up to the date on which the Preliminary Injunction Opinion was issued. Id. Lightbox moved for fees on April 27, and the motion became fully submitted on May 15.

4

**Discussion**

Lightbox moves for an award of fees and expenses for litigating this matter between March 2016 and October 28, 2016 without naming a precise sum. During that time, Lightbox was represented by Scarola, Malone & Zubatov LLP ("Scarola").[1] Two named partners performed the bulk of the work of this matter and issued invoices amounting to $467,622.00 in fees and expenses. Ellner paid over $300,000 of this amount.[2] Current counsel for Lightbox asks this Court to review the Scarola invoices and award the amount the Court determines is reasonable. Third Home contends that Lightbox should receive nothing.

"[I]n addressing a contractual claim for attorneys' fees, a court must determine what constitutes a reasonable amount of fees." HSH Nordbank AG N.Y. Branch v. Swerdlow, No. 08cv6131(DLC), 2010 WL 1141145, at *5 (S.D.N.Y. Mar. 24, 2010) (citation omitted). The "amount involved in a litigation" provides a "general ceiling" on attorneys' fees, but is "only a rule of thumb" and a "starting point in the process of ultimately determining whether a fee [request] is reasonable." CARCO Grp. v. Maconachy, 718 F.3d 72, 86 (2d Cir. 2013) (citation and emphasis omitted). "[A] variety of factors inform

---

[1] The Scarola firm is now known as Scarola, Zubatov & Schaffzin PLLC.

[2] Scarola has sued Ellner and Lightbox in state court for payment of additional fees.

5

the court's determination of whether a requested amount of attorneys' fees is reasonable or unreasonable, including the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved." Healey v. Leavitt, 485 F.3d 63, 70 n.5 (2d Cir. 2007) (citation omitted). "[A] request for attorneys' fees should not turn into a second major litigation," however, and a court is not required "to evaluate and rule on every entry in an application" for fees. Marion S. Mishkin Law Office v. Lopalo, 767 F.3d 144, 149 (2d Cir. 2014) (citation omitted).

An award of anything near the amount invoiced by Scarola would be excessive. The legal issues implicated by the preliminary injunction motion were straightforward, and the scope of the factual disputes was relatively small. The skill and time required to litigate this matter before the hearing and to prepare for and conduct the preliminary injunction hearing should not have been great.

Moreover, the amount involved in the litigation would not justify spending anything close to $450,000 during this eight-month period. Lightbox was unable, at any point in this litigation, to provide a reliable estimate of the future profits of a Joint Venture which never got off the ground. See

6

Preliminary Injunction Opinion, 2016 WL 6562107, at *11; Summary Judgment Opinion, 2017 WL 5312187, at *8-11, *13.  Lightbox knew that it spent less than $70,000 to build the Website, and through discovery learned that Third Home had received only $52,500 from the Exclusive Brokers.  After learning how much Third Home received from the Exclusive Brokers, Lightbox could swiftly and realistically assess the amount involved in the litigation at less than $123,000.  Anything more was speculative.  It would have been foolhardy for a litigant to spend more than this on the entire lawsuit, but Scarola presented invoices asserting it had expended over three times that amount in just this brief period.

In light of the Court's broad discretion to set awards of attorneys' fees, the Court finds that $100,000 is at the upper range of a reasonable attorneys' fee for litigating this matter through the date of the Preliminary Injunction Opinion.  This amount is also more proportionate to the $93,338.19 that Lightbox was awarded on the merits of its claims in the Trial Opinion.  Although the fee award is greater than the recovery on the merits, it is still less than the "amount involved" in the litigation.  Healey, 485 F.3d at 70 n.5 (citation omitted).  $100,000 is also in line with the Court's estimation of what a reasonable litigant would have spent in filing these claims against its Joint Venture partner and pursuing this action

7

through the trial of its preliminary injunction motion. Finally, it reflects the risks of litigation and the uncertainties involved in proving the future profits of a business that never began operations.[3]

**Conclusion**

Lightbox is awarded $100,000 as a reasonable attorneys' fee under the Agreement.

Dated: New York, New York
June 12, 2018

_____
DENISE COTE
United States District Judge

---

[3] It is not clear whether New York courts apply the lodestar method routinely used for federal fee-shifting statutes. Compare F.H. Krear & Co. v. Nineteen Named Trs., 810 F.2d 1250, 1263 (2d Cir. 1987) ("In general, the court uses a lodestar method, in which the hours reasonably spent by counsel, as determined by the Court, are multiplied by the reasonable hourly rate." (citation omitted)) with CARCO Grp., 718 F.3d at 85 (not applying lodestar method). Applying this method would produce the same result. A reasonable blended fee for legal work of this complexity is no more than $400 per hour. It would be unreasonable to spend more than 250 hours litigating the issues addressed in the eight-month period. This yields a total fee award of $100,000.