```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :
LIGHTBOX VENTURES, LLC,              :
                                     :      16cv2379(DLC)
                  Plaintiff,         :
                                     :      MEMORANDUM
            -v-                      :      OPINION AND
                                     :        ORDER
3RD HOME LIMITED and WADE SHEALY,    :
                                     :
                  Defendants.        :
                                     :
------------------------------------ X
-------------------------------------X
                                     :
LIGHTBOX VENTURES, LLC, and ANDREW   :
ELLNER,                              :
                                     :
                                     :
                  Interpleader:
                  Plaintiffs,        :
                                     :
            -v-                      :
                                     :
                                     :
SCAROLA ZUBATOV SCHAFFZIN PLLC, and  :
BREM MOLDOVSKY LLC,                  :
                                     :
                  Interpleader:
                  Defendants.        :
                                     :
-------------------------------------X
```

DENISE COTE, District Judge:

Plaintiff Lightbox Ventures, LLC ("Lightbox") has filed an interpleader complaint seeking resolution of its former attorneys' charging liens pursuant to New York Judiciary Law § 475 ("Section 475"). Lightbox and its former attorneys, Scarola Zubatov Schaffzin PLLC (the "Scarola Firm") and Brem Moldovsky LLC (the "Moldovsky Firm"), have filed briefs, affidavits, and exhibits addressing the proper amount of the

liens.  For the following reasons, the Scarola Firm is not entitled to a charging lien, and the Moldovsky Firm is entitled to a charging lien of $45,948.

**Background**

Familiarity with the Court's Opinions and Orders is assumed. This action was filed on March 31, 2016, and arose out of a failed joint venture between Lightbox and 3RD Home Limited ("Third Home").  Over the course of this litigation, Lightbox has been represented by three law firms:  the Scarola Firm from March 2016 through March 3, 2017, the Moldovsky Firm, from March 3, 2017 through April 13, 2018, and the Law Firm of Jonathan R. Miller, from April 27, 2018 to the present.  Lightbox and its former attorneys now dispute the portions of Lightbox's recovery to which the Scarola and Moldovsky Firms are entitled under a charging lien theory.

On April 13, 2018, the Court awarded Lightbox $83,338.19 against Third Home and Wade Shealy.  See Lightbox Ventures, LLC v. 3RD Home Ltd., No. 16cv2379(DLC), 2018 WL 1779346 (S.D.N.Y. Apr. 13, 2018) (the "Trial Opinion").  The Court had previously awarded Lightbox a discovery sanction against the defendants. See Lightbox Ventures, LLC v. 3RD Home Ltd., No. 16cv2379(DLC), 2017 WL 5526073 (S.D.N.Y. Nov. 15, 2017).  The amount of the discovery sanction was set in an order of January 18, 2018 (the

"January 2018 Order") at $38,888.01, composed of the following: reimbursement of $18,888.01 in expenses, an award of $10,000 for work performed by the Scarola Firm, and an award of $10,000 for work performed by the Moldovsky Firm.  On June 12, the Court awarded Lightbox $100,000 in attorneys' fees pursuant to the parties' contract.  See Lightbox Ventures, LLC v. 3RD Home Ltd., No. 16cv2379(DLC), 2018 WL 2943742 (S.D.N.Y. June 12, 2018) (the "Fee Opinion").  That $100,000 award reflected the reasonable value of services provided by the Scarola Firm between the initiation of this case and the issuance of the Court's Opinion denying a preliminary injunction on October 28, 2016.  See id. at *3; Lightbox Ventures, LLC v. 3RD Home Ltd., No. 16cv2379(DLC), 2016 WL 6562107 (S.D.N.Y. Oct. 28, 2016) (the "Preliminary Injunction Opinion").

The Court has not disbursed any of the awards described above.  On deposit with the Court is $222,226.20.  That amount comprises the $38,888.01 discovery sanction awarded in the January 2018 Order, the $83,338.19 awarded in the Trial Opinion, and the $100,000 awarded in the Fee Opinion.

On May 15, Lightbox requested permission to file an interpleader complaint to resolve its former attorneys' entitlements to statutory liens.  Lightbox also noted that the Scarola Firm had filed a contract action in state court arising out of its retainer agreement with Lightbox, but that the

Scarola Firm did not seek a charging lien in that action.

Lightbox's May 15 request was initially denied by Order of May 31. The Court granted Lightbox's motion for reconsideration by Order of June 14. On July 3, Lightbox and Andrew Ellner, Lightbox's CEO, filed an interpleader complaint asserting claims against Scarola and Moldovsky. Counts 2 through 5 of the interpleader complaint, however, asserted claims for declarations that Lightbox's retainer agreements with Scarola and Moldovsky are invalid. Scarola and Moldovsky filed motions to dismiss the interpleader complaint on September 4 and 5, respectively.

An Order of September 7 indicated that the interpleader complaint appeared to seek relief not authorized by the Court and that the Court was inclined to dismiss Counts 2 through 5 of the interpleader complaint. After Lightbox responded, Counts 2 through 5 of the interpleader complaint were dismissed on October 9. The interpleader defendants filed answers to Count 1, and all parties filed briefs addressing the charging liens, on October 12.

Lightbox had a retainer agreement with each of its prior attorneys. Its agreement with the Scarola Firm is dated March 11, 2016, and provides for payment at the firm's hourly rates.[1]

---

[1] Lightbox and the Scarola Firm dispute whether Lightbox submitted a falsified version of the Scarola retainer agreement

4

Under this agreement, the Scarola Firm's partners billed at hourly rates between $495 and $765, associates billed at hourly rates between $250 and $450, and paralegals and legal assistants billed at hourly rates between $40 and $220. Lightbox entered into an amended retainer agreement with the Scarola Firm on October 26, 2016, which permitted Lightbox to defer part of the Scarola Firm's bills in exchange for granting the Scarola Firm a contingency fee. Lightbox has paid $316,535.41 to the Scarola Firm under the retainer agreements and the Scarola Firm asserts that it is entitled to an additional $301,468.91 under the agreements.

Lightbox's initial retainer agreement with the Moldovsky Firm is dated February 10, 2017, and provides for immediate payment of $75,000 and a contingency fee at a sliding rate depending on when the action ceased. This agreement provides for the Moldovsky Firm to receive 35% of Lightbox's recovery if received after a trial. An amended agreement between Lightbox and the Moldovsky Firm dated November 14, 2017 provides for payment at one-third of the Moldovsky Firm's hourly rates, with

---

to the Court. The only difference alleged by the Scarola Firm relates to whether only Lightbox was the Scarola Firm's client, or whether Ellner was also a client. Only Lightbox has a net judgment in its favor. See Trial Opinion, 2018 WL 1179346, at *18. Because a charging lien is limited to a net judgment, the Scarola Firm cannot obtain one against Ellner. Thus, this dispute is not relevant to the charging lien issue. The Scarola Firm's motion for sanctions is denied.

the remaining two-thirds to be paid out of any recovery. The Moldovsky Firm asserts that under its amended agreement it is entitled to all of the available proceeds. Lightbox contests the validity of this agreement. The Moldovsky Firm has already received payments of $104,052.00.[2]

## **Discussion**

Section 475 provides as follows:

> From the commencement of an action . . . in any court . . . <u>the attorney who appears for a party has a lien</u> upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y. Judiciary Law § 475 (emphasis supplied).

The statutory lien in Section 475 reflects the codification of an equitable remedy available to attorneys at common law. See <u>Itar-Tass Russian News Agency v. Russian Kurier, Inc.</u>, 140 F.3d 442, 449 (2d Cir. 1998). An attorney discharged without

---

[2] Lightbox asserts that it has paid $119,742.41 to the Moldovsky Firm, but has not submitted bank records or other proof of payment. The Moldovsky Firm's billing records submitted in connection with the Fee Opinion indicate that the additional $15,690 represents fees paid to the Moldovsky Firm to represent Lightbox in separate litigation against the Scarola Firm. That amount is thus not relevant to the Moldovsky Firm's charging lien in this action.

6

cause by a client may pursue one or more "cumulative remedies," including a charging lien, a retaining lien, or a quantum meruit recovery.[3]  Roe v. Roe, 985 N.Y.S.2d 335, 337 (3d Dep't 2014); see also People v. Keeffe, 50 N.Y.2d 149, 155-56 (1980) ("[T]he rendition of services by an attorney gives rise to . . . a contract claim, express or implied, by the attorney against his client[, and] the attorney's retaining and charging liens."). "[A]n attorney's participation in the proceeding at one point as counsel of record is a sufficient predicate for invoking [a charging lien]."  Klein v. Eubank, 87 N.Y.2d 459, 462 (1996).

The New York Court of Appeals has explained the entitlement of a discharged attorney to fees as follows:

> When a client discharges an attorney without cause, the attorney is entitled to receive compensation from the client measured by the fair and reasonable value of the services rendered whether that be more or less than the amount provided in the contract or retainer agreement.  As between them, either can require that the compensation be a fixed dollar amount determined at the time of discharge on the basis of quantum meruit or, in the alternative, they may agree that the attorney, in lieu of a presently fixed dollar amount, will receive a contingent percentage fee determined either at the time of substitution or at the conclusion of the case.
>
> When the dispute is only between attorneys, however, the rules are somewhat different.  The outgoing attorney may elect to take compensation on the basis

---

[3] An attorney who is discharged by a client for cause is not entitled to compensation or a lien.  See Maher v. Quality Bus Serv., LLC, 42 N.Y.S.3d 43, 46 (2d Dep't 2016).  A client, however, "must make a prima facie showing of cause in order to trigger a hearing on the issue."  Id.

7

of a presently fixed dollar amount based upon quantum meruit for the reasonable value of services or, in lieu thereof, the outgoing attorney has the right to elect a contingent percentage fee based on the proportionate share of the work performed on the whole case.

Lai Ling Cheng v. Modansky Leasing Co., 73 N.Y.2d 454, 457-58 (1989) (emphasis supplied).

A charging lien must be based on "the nature of the litigation, the difficulty of the case, the actual time spent by plaintiff and the necessity therefor, the amount of money involved, the results achieved, amounts customarily charged for similar services in the same locality, the certainty of compensation, and plaintiff's professional deportment." Grutman Katz Greene & Humphrey v. Goldman, 673 N.Y.S.2d 649, 650 (1st Dep't 1998) ("Grutman Katz"). "[I]n calculating the value of the services rendered prior to termination of [an] attorney-client relationship," in order to set the value of a charging lien, "the terms of the original retainer [are] a relevant consideration." Klein v. Eubank, 693 N.Y.S.2d 541, 542 (1st Dep't 1999). "[T]he overriding criterion for determining the amount of a charging lien," however, "is that it be fair." Sutton v. N.Y.C. Transit Auth., 462 F.3d 157, 161 (2d Cir. 2006) (citation omitted). Where the proper amount of an attorney's charging lien is less than what a client has already paid, the proper course of action is to deny a charging lien. See Grutman

8

Katz, 673 N.Y.S.2d at 650-51.

Lightbox asserts that its former attorneys' charging liens are entirely satisfied by the prior payments it made to those firms. The Scarola Firm asserts that it is entitled to $301,468.91 from Lightbox -- more than the total amount recovered in this action -- and that its lien has priority over the Moldovsky Firm's lien. The Moldovsky Firm asserts that it is entitled to the balance of the funds held by the Court -- $222,226.20 -- less any appropriate amount allocated to the Scarola Firm.

The present dispute is unusual in that it is both between two attorneys and their former client and between the attorneys themselves. The parties have not identified a New York case with a similar posture. The guiding principles, however, are that a charging lien should reflect the equities of the situation and reasonably compensate an attorney out of the proceeds of the action.

The factors applied by New York courts in setting charging liens are addressed as follows, based on the Court's familiarity with this litigation, having presided over it from its inception and having issued five prior opinions, and on the parties' briefs and evidentiary submissions. The core dispute between Lightbox and Third Home was over a failed joint venture that never produced revenue; the scope of the documentary record was

9

accordingly modest.  See Fee Opinion, 2018 WL 2943742, at *2.
The key factual issues regarding the scope of Lightbox's claims
were largely resolved in the Preliminary Injunction Opinion
issued in October 2016.  See Preliminary Injunction Opinion,
2016 WL 6562107, at *7-*10.  The remaining disputes were not
especially complex or difficult.  Lightbox's counsel spent a
significant amount of time on this case, but this time was out
of proportion to the amounts at issue after the Preliminary
Injunction Opinion was issued.  See Fee Opinion, 2018 WL
2943742, at *3.  The amount that Lightbox could reasonably have
hoped to recover, after October 2016, was no more than $123,000.
See id.

The hourly rates asserted by Lightbox's former counsel are
reasonable.  Counsel were not guaranteed compensation in this
matter, particularly given that Lightbox -- a failed joint
venture that had not realized any revenue -- was their client.
Finally, counsel's deportment was within the range of
professional conduct.

Lightbox states or implies that it discharged its former
attorneys for cause, but it has not made a prima facie showing
that this is true.  The parties have also submitted a
significant number of irrelevant exhibits.  After reviewing
these submissions, the parties have not raised any genuine
factual disputes about the narrow issue of whether the Scarola

and Moldovsky Firms are entitled to charging liens. Accordingly, no hearing need be held to resolve the charging liens. See Maher, 42 N.Y.S.3d at 46.

The Scarola Firm is not entitled to a charging lien. Applying the relevant factors, the Court finds that the Scarola Firm has not shown its entitlement to a charging lien that would exceed the $316,553.41 it has already received from Lightbox. As explained in detail in the Fee Opinion, the reasonable value for litigating this matter between March 2016, when the complaint was filed, and October 2016, when the Preliminary Injunction Opinion was issued, was $100,000. Generously, a reasonable fee to litigate the following five months between October 2016 and the Scarola Firm's withdrawal in March 2017 would be substantially less than the $216,553.41 the Scarola Firm has already been paid in addition to that $100,000.[4] During this time, the parties had a few discovery disputes and the case was stayed for two months during which the parties pursued mediation. Because the Scarola Firm has already received more pursuant to its retainer agreement than the Court would award on

---

[4] This analysis is without prejudice to any account stated or contractual claim the Scarola Firm may hold against Lightbox. Although the Scarola Firm contends that its charging lien should be fixed on the basis of its account stated claim, an account stated claim sounds in contract and is distinct from a statutory lien, at least where an attorney has been discharged prior to the termination of litigation.

a quantum meruit theory, it is not entitled to a charging lien. See Grutman Katz, 673 N.Y.S.2d at 650-51.

For the following reasons, $150,000 is a reasonable fee in quantum meruit for the Moldovsky Firm's representation of Lightbox.[5]  Lightbox has already paid the Moldovsky Firm $104,052; accordingly, the Moldovsky is entitled to a charging lien of $45,948.

A charging lien of $45,948, for a total fee of $150,000 for work performed between March 2017 and April 2018 is reasonable in light of the Fee Opinion.  That Opinion awarded $100,000 for work done by the Scarola Firm from March through October 2016, during which time a preliminary injunction hearing was held that addressed the key issues that were later tried.  See Fee Opinion, 2018 WL 2943742, at *3.  An award greater than $100,000 reflects that the Moldovsky Firm represented Lightbox for approximately 13 months, during which time discovery was completed, summary judgment motions were litigated, and a bench trial was held.  This award also recognizes the work that the Moldovsky Firm did largely defeating Third Home's counterclaims at trial.

As stated above, the bench trial resulted in a net judgment

---

[5] This analysis solely pertains to the Moldovsky Firm's charging lien and is without prejudice to any other theory of recovery or claim the Moldovsky Firm may have against Lightbox.

of $83,338.19 in favor of Lightbox, plus fees. The initial retainer agreement between the Moldovsky Firm and Lightbox provided that the Moldovsky Firm would be paid 35% of Lightbox's recovery after trial, in addition to the $75,000 retainer. With this award of a charging lien, the Moldovsky Firm will be paid a total of $150,000, or $75,000 in addition to its retainer. That payment of another $75,000 is far in excess of 35% of the judgment of $83,338.19.

Lastly, the conclusions that the Scarola Firm is not entitled to a charging lien and that the Moldovsky Firm is entitled to a charging lien of $45,948 are reasonable in light of the amounts of money at issue and actually recovered in this case. Over the course of this litigation, the Court has concluded that at least $270,000 is a reasonable amount of fees: $20,000 in connection with the January 2018 sanctions award, $100,000 in favor of the Scarola Firm in the Fee Opinion, and $150,000 in this Opinion.[6] $270,000 is greater than the $222,226.20 deposited with the Court, over twice as great as the $123,000 that the Court estimated as Lightbox's maximum possible recovery after the Preliminary Injunction Opinion, and over

---

[6] Even $270,000 is a partial amount, given that the Court has not allocated fees for the Scarola Firm's representation of Lightbox between the Preliminary Injunction Opinion in October 2016 and the beginning of the Moldovsky Firm's representation of Lightbox in March 2017.

13

three times as great as the $83,338.19 that Lightbox recovered at trial. Any recovery beyond that already received by the Scarola and Moldovsky Firms, as supplemented by this Opinion, would not be reasonable in the context of this case.

## Conclusion

The Scarola Firm is not entitled to a charging lien and the Moldovsky Firm is entitled to a charging lien in the amount of $45,948. The parties are directed to submit a proposed final judgment allocating the proceeds of this action as outlined in this Opinion, within 14 days of the date of this Opinion.

Dated: New York, New York
October 22, 2018

```
             _____
                    DENISE COTE
             United States District Judge
```