# Exhibit 1

(to October 2018 Certification of Jonathan R. Miller, Esq.)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

SCAROLA MALONE & ZUBATOV LLP,

         Plaintiff,

-against-

DEBORAH A. GUTHRIE and JOSEPH F. KELLY, JR.,

         Defendants.

---

Index No.: _____/13
Date purchased: February 15, 2013

Basis of venue:  location of transactions in issue

**SUMMONS**

To the above named defendant DEBORAH A. GUTHRIE:

  YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorneys an answer to the Complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York, or within a period of time agreed to by counsel for the parties. In case of your failure to answer timely, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, NY
    February 15, 2013

            SCAROLA MALONE & ZUBATOV LLP

            By _____
              Richard J.J. Scarola

            *Attorneys (Pro Se)*
            1700 Broadway
            41st Floor
            New York, NY  10019
            Tel.:  (212) 757-0007

TO: Deborah A. Guthrie
    c/o Capitol Health Management Company
    6 East 74th Street, #3
    New York, NY 10021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

SCAROLA MALONE & ZUBATOV LLP,

                              Plaintiff,

-against-

DEBORAH A. GUTHRIE and JOSEPH F. KELLY, JR.,

                              Defendants.

Index No.: _____/13
Date purchased: February 15, 2013

Basis of venue: location of transactions in issue

**SUMMONS**

---

To the above named defendant JOSEPH F. KELLY, JR.:

       YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorneys an answer to the Complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York, or within a period of time agreed to by counsel for the parties. In case of your failure to answer timely, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, NY
           February 15, 2013

                                            SCAROLA MALONE & ZUBATOV LLP

                                            By _____
                                                  Richard J. Scarola

                                            *Attorneys (Pro Se)*
                                            1700 Broadway
                                            41st Floor
                                            New York, NY 10019
                                            Tel.: (212) 757-0007

TO:    Joseph F. Kelly, Jr.
         c/o Capitol Health Management Company
         6 East 74th Street, #3
         New York, NY 10021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| SCAROLA MALONE & ZUBATOV LLP,<br><br>                                  Plaintiff,<br><br>         – against –<br><br>DEBORAH A. GUTHRIE and JOSEPH F. KELLY, JR.,<br><br>                                  Defendants. | Index No.: _____/2013<br><br>Venue under CPLR § 503(a), based on plaintiff's residence<br><br>**COMPLAINT** |

Plaintiff Scarola Malone & Zubatov LLP, a law firm acting *pro se* in this case, for its Complaint against defendants Deborah A. Guthrie and Joseph F. Kelly, Jr., alleges as follows:

### Statement of the Case

1. Plaintiff files this Complaint to collect fees for legal services and reimbursement for certain expenses, which plaintiff is entitled to recover from defendants pursuant to a retainer agreement for services made, as billed in statements to which no timely or meaningful objection has been raised and of which partial payments have been. Plaintiff claims breach of contract, with damages in the amount of $53,444.52, together with interest to the extent allowed under the parties' agreement, and for an account stated for the same amount, together with the same interest and costs, and the plaintiff's costs of collection as allowed by the parties' agreement.

### Parties

2. Plaintiff is a law firm organized a as limited liability partnership under the laws of the State of New York, with its principal place of business in the County of New York.

1

The firm was previously known as Scarola Ellis LLP.

3. Defendants Guthrie and Kelly are, upon information and belief, individuals who lived and worked in the State of New York when they engaged plaintiff to perform services in State of New York, including defending them against a complaint filed in this Court.

4. The work for which plaintiff seeks to be paid in this case was performed principally in the County of New York.

**Facts**

5. In or around April 2010, defendants retained plaintiff to represent them in connection with a dispute with a former colleague. Plaintiff sent defendants a retainer agreement and they executed it (as executed, the "Retainer Agreement"). The Retainer Agreement provided, among other things, for defendants to pay interest at the rate of 12% per year on plaintiffs' statements that were not timely paid and plaintiff's collection costs in certain circumstances amounting to what is generally known as an "account stated" case.

6. Plaintiff performed services and rendered statements to which defendants raised no objections and which defendants paid in part, including by making a payment of $50,000 on January 28, 2013, but defendants have not paid the outstanding balance of $53,444.52, consisting of legal fees first billed on January 13, 2011, and repeatedly thereafter.

**FIRST CAUSE OF ACTION**
**(Against Both Defendants — Breach of Contract)**

7. Plaintiff incorporates the paragraphs pleaded above as though fully set forth herein.

2

8. The Retainer Agreement is a valid and binding contract and its provisions remain in force.

9. Under the Retainer Agreement, defendants contracted to pay plaintiff for services performed, expenses incurred and disbursements advanced in connection with the underlying action. Plaintiff performed services, incurred expenses, and advanced disbursements under the Retainer Agreement in the underlying action and rendered statements to defendants accordingly.

10. Defendants have made partial payments, or caused such payments to be made, but have failed to pay the balance due of $53,444.52.

11. Defendants have thereby breached the Retainer Agreement.

12. Defendants' breach has damaged plaintiff in the amount of $53,444.52, or such amount as is determined at trial, plus interest thereon at 12% since February 12, 2011 (at a daily rate of $17.57).

### SECOND CAUSE OF ACTION
### (Against Both Defendants — Account Stated)

13. Plaintiff incorporates the paragraphs pleaded above as though fully set forth herein.

14. By reason of the foregoing, and because defendants received and retained invoices from plaintiff, did not object to such statements within a reasonable time of their receipt, and made partial payment of the state amounts, defendants are liable to plaintiff for an account stated in the amount of $53,444.52, plus interest thereon at 12% since February 12, 2011 (at a daily rate of $17.57).

3

15.     Additionally, plaintiff is entitled to recover its costs of collection in this case in an amount to be determined by the Court.

WHEREFORE, plaintiff demands judgment in its favor and against defendants, in the amount of $53,444.52, plus interest thereon at 12% since February 12, 2011 (at a daily rate of $17.57), and its costs of collection in this case in an amount to be determined by the Court, and such other relief in its favor and against defendants as allowed by law and as the Court deems just and proper.

Dated: New York, New York
       February 15, 2013

SCAROLA MALONE & ZUBATOV LLP

By _____
   Richard J. Scarola

*Attorneys Pro Se*
1700 Broadway, 41st Floor
New York, New York  10019
Tel.: (212) 757-0007

4