# Exhibit 23

(to October 2018 Certification of Jonathan R. Miller, Esq.)

**Jonathan R Miller**

| | |
|---|---|
| **From:** | Jonathan R Miller <jonathan.miller@lawyer.com> |
| **Sent:** | Sunday, April 22, 2018 8:00 PM |
| **To:** | 'Brem Moldovsky' |
| **Subject:** | RE: follow up regarding Lightbox & Ellner & generally |

Brem,

I waited a week for you to rethink your below email and false accusations, in vain. Your false accusations of "unethical conduct" by me are shameful and disgraceful. You attempted to gain leverage in your fee dispute with Andy by convincing me to take your side, thereby threatening to leave Andy without counsel in state court as well as in federal court. When that did not occur, you embarked on creating a false narrative of wholly fabricated accusations plainly crafted to disqualify me under RPC 1.9(c). Your misconduct in this regard is actionable as tortious interference, and also as defamation per se if and to the extent that you have "published" these false accusations to others.

No alleged confidences and/or privileged information belonging to you have been disclosed to Andy, ever. If you believe you have evidence to the contrary, such "evidence" could only come from the kind of warped thinking you have demonstrated in these emails, because no such disclosure has occurred.

This email is intended to correct any misimpression that may arise from my silence on these issues. I do not intend to discuss these issues further with you nor to respond going forward to further scurrilous accusations. You are hereby demanded to cease and desist.

Further correspondence from you in this vein will be disregarded for the drivel that it is and/or filed away for future use as permissible under applicable law.

Jonathan R. Miller, Esq.
(*Admitted in N.Y., N.J. & Pa.*)

---

*This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. Unauthorized distribution of this email is strictly prohibited. Information contained in this communication may be confidential and may be subject to the attorney-client privilege.*

---

**From:** Brem Moldovsky [mailto:brem@bremlaw.com]
**Sent:** Friday, April 13, 2018 8:22 AM
**To:** Jonathan Miller (jonathan.miller@lawyer.com) <jonathan.miller@lawyer.com>
**Subject:** RE: follow up regarding Lightbox & Ellner & generally

I'll keep it short and am not inviting or looking for any response.
Andy had preferred my firm assert a lien, in part this was to help his position vs Scarola & co. This would have occurred in Federal and/or State Court and involved Scarola's claims. You are counsel on this for Andy and co. I and my firm would have been involved and have already submitted an affidavit in the State case. Since you refused not to engage in conflict, my firm could not go ahead on the lien or else we would run into you, your conflict and likely further unethical behavior by you. Certainly losses from this add onto the damages caused by your breach of fiduciary duties and unethical practices.
You were and are in a conflict and it is obvious. Your insights (also) come from representing me.
My asking you not to continue in the conflict and in violation of 1.9(c) is not sharp practice, but calling my assertion of rights sharp practice is unethical and immoral. Of course it was appropriate of me to ask you to stop acting in conflict and against rule 1.9(c).

1

You can be in denial and feel resentful but it does not change your violations of conflict rules and 1.9(c).  The facts are the facts.

Brem Moldovsky, Esquire
Brem Moldovsky L.L.C.
New York, Pennsylvania and New Jersey
phone: (212) 563-3370, (215) 546-9957, (201) 894-8930
fax:   (212) 563-3371, (215) 546-9942, (201) 894-8933
website: www.bremlaw.com
email: brem@bremlaw.com

Confidentiality Notice: This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify me immediately by replying to this message and deleting it from your computer. Thank you.

**From:** Jonathan R Miller [mailto:jonathan.miller@lawyer.com]
**Sent:** Thursday, April 12, 2018 10:13 PM
**To:** Brem Moldovsky
**Subject:** RE: follow up regarding Lightbox & Ellner & generally

Brem,

We have discussed this and I disagree with your legal and factual analysis. In my view it is regretful that you have taken this position. For the record, and as I have previously stated, I do not represent Andy or LBV in any dispute you may have with him. Your insistence otherwise is mistaken. That being said, RPC 1.9(c) has no application here even if hypothetically I should come to represent Andy in a dispute you have with him. First, I have neither used nor revealed any protected confidential information of yours, and I frankly resent your false accusation to the contrary.  Second, any insight I may have into your tactics, etc as a lawyer would derive from coordinating with you on Andy's federal and state court matters these past several months. Third, so the record again is clear, you just last week demanded that I withdraw from defending Andy and his companies from Scarola in state court, a tactic which in my view is sharp and overreaching at best, as you have not appeared in that matter, not as a litigant and not as an attorney.

I agree that lunch is out of the question. Again, it is regretful that this is the path you have chosen but that's your call.

Jonathan R. Miller, Esq.
(*Admitted in N.Y., N.J. & Pa.*)

*This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. Unauthorized distribution of this email is strictly prohibited. Information contained in this communication may be confidential and may be subject to the attorney-client privilege.*

**From:** Brem Moldovsky [mailto:brem@bremlaw.com]
**Sent:** Thursday, April 12, 2018 6:24 PM
**To:** Jonathan Miller (jonathan.miller@lawyer.com) <jonathan.miller@lawyer.com>
**Subject:** follow up regarding Lightbox & Ellner & generally
**Importance:** High

Jonathan,
    As you know, I believe it is not appropriate to represent Mr. Ellner and his companies in any way at all against me or my firm.  This is in part based on Rule of Professional Conduct 1.9(c)(1)&(2) and its corollaries

2

in the states in which you and I both practice.  You cannot use information learned in representing me against me.  Based on correspondence and activities here, I believe this has happened.  Certainly there is more to this, but, at least in part, this involves using information about how I handle, relate to, approach, spend on, consider, appraise and such litigation, claims, time and more.  Someone against me should not have the benefit of your knowledge of these and related.  Thus, your providing any aspect of them to Andy and his companies - as he has and perhaps continues to try to evade our bills - constitutes unethical breach of fiduciary duties.  Unfortunately this has occurred here.  Please consider this a polite demand to cease and desist further in acting in conflict against me and from further violations of 1.9(c)(1)&(2) and its corollaries in the states in which you and I both practice.

As previously and again confirmed with Mr. Ellner and his companies, my firm has no involvement in the Scarola matter and my firm will be finished and withdrawn from the 3rd Home case upon the Judge's upcoming Decision.

I took the time for next week when we were to have lunch off my schedule as this is a better idea at this point.
Regards,

Brem Moldovsky, Esquire
Brem Moldovsky L.L.C.
New York, Pennsylvania and New Jersey
phone: (212) 563-3370, (215) 546-9957, (201) 894-8930
fax:   (212) 563-3371, (215) 546-9942, (201) 894-8933
website: www.bremlaw.com
email: brem@bremlaw.com

Confidentiality Notice: This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify me immediately by replying to this message and deleting it from your computer. Thank you.

# Jonathan R Miller

| | |
|---|---|
| **From:** | Jonathan R Miller <jonathan.miller@lawyer.com> |
| **Sent:** | Thursday, April 5, 2018 4:12 PM |
| **To:** | 'Brem Moldovsky' |
| **Subject:** | RE: phone call before email |

No, I am not representing Andy in any dispute you may have with him. Nothing I have said or done should be construed otherwise.

Jonathan R. Miller, Esq.
(*Admitted in N.Y., N.J. & Pa.*)

***This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. Unauthorized distribution of this email is strictly prohibited. Information contained in this communication may be confidential and may be subject to the attorney-client privilege.***

**From:** Brem Moldovsky [mailto:brem@bremlaw.com]
**Sent:** Thursday, April 5, 2018 12:56 PM
**To:** Jonathan R Miller <jonathan.miller@lawyer.com>
**Subject:** RE: phone call before email

We certainly plan to proceed properly and ethically.  By your email I take it that you are acting as his Counsel visa via his and his company's interacting with my firm.  Since you are not entered on the case, please confirm if you would like to be copied or if you will get the doc's and correspondence from him and his company.

Brem Moldovsky, Esquire
Brem Moldovsky L.L.C.
New York, Pennsylvania and New Jersey
phone: (212) 563-3370, (215) 546-9957, (201) 894-8930
fax:   (212) 563-3371, (215) 546-9942, (201) 894-8933
website: www.bremlaw.com
email: brem@bremlaw.com

Confidentiality Notice: This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify me immediately by replying to this message and deleting it from your computer. Thank you.

**From:** Jonathan R Miller [mailto:jonathan.miller@lawyer.com]
**Sent:** Thursday, April 5, 2018 12:42 PM
**To:** Brem Moldovsky
**Subject:** RE: phone call before email

If you do proceed with a motion, I trust that only the notice of motion will be a public filing, and everything of substance (supporting affidavit, exhibits, etc) will be filed under seal. Oral argument, if any, should be in closed court with only Andy present should he desire to do so.

This, for all the reasons that we have castigated Scarola for.

1

Jonathan R. Miller, Esq.
(*Admitted in N.Y., N.J. & Pa.*)

**This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. Unauthorized distribution of this email is strictly prohibited. Information contained in this communication may be confidential and may be subject to the attorney-client privilege.**

**From:** Brem Moldovsky [mailto:brem@bremlaw.com]
**Sent:** Thursday, April 5, 2018 12:32 PM
**To:** Jonathan R Miller <jonathan.miller@lawyer.com>
**Subject:** RE: phone call before email

      It can easily be argued that under the agreements with Andy & Co that while they are obliged to pay, my firm is to work on his matters, including an appeal if desired by the clients and deemed appropriate and helpful.  But, even if not, there is still work to be done and a lot of work to be done once a decision is reached.  Then, we'll be making a motion from a place of being deluged by work, losing money by the minute, locked in strategic and communication conflicts with the client and with a lot going on.  No thank you; not a good place to be.

      Arguably there is no damage inflicted on the state court case here.  If my firm should be withdrawn from the case is its own thing and his dispute with Scarola and Co is its own thing, though it has relations to the Federal case.  It is true that Andy may be causing damage to himself in various ways in how he has conducted himself, for example in setting up a website in 3rd home's name.  Here, we do see Andy having some of the same problems in failing to pay and being difficult, as he has done to the prior firm and now to mine, and, to some extent to both experts on the case.

      The problems are of his doing.  He has no right to work me and my colleagues really hard and with poor treatment and then fail to pay what are very reasonable amounts currently due for the vast amount of work he directed to be done.  We have a right to want to be out of the case while it is quieter; compared to when a decision is issued and there is a lot of work to be done.  He can have another firm take over but he has not acted to do that.  He has had many options here.  Certainly negativity generated by Andy can be negatively he has to deal with.  His wrongful way of treating my firm is his to own.  We have worked hard and loyally.  Nothing done or to be done is to hurt a client at all.  We have a right to make a motion to withdraw when there are the issues that there are here, including communication and strategic differences that very well may justify the motion all on their own.  Nothing from acting to honestly withdraw should have any negative impact.  Rather, hopefully, these experiences will help Andy deal with things more realistically.

Brem Moldovsky, Esquire
Brem Moldovsky L.L.C.
New York, Pennsylvania and New Jersey
phone: (212) 563-3370, (215) 546-9957, (201) 894-8930
fax:   (212) 563-3371, (215) 546-9942, (201) 894-8933
website: www.bremlaw.com
email: brem@bremlaw.com

Confidentiality Notice: This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify me immediately by replying to this message and deleting it from your computer. Thank you.

**From:** Jonathan R Miller [mailto:jonathan.miller@lawyer.com]
**Sent:** Thursday, April 5, 2018 12:04 PM
**To:** Brem Moldovsky
**Subject:** RE: phone call before email

2

Brem,

If your retainer agreement provides that you are not obligated to represent Andy in an appeal, then you have no such obligation, and need not lift a finger towards preparing for an appeal. You can simply wait until a judgment is issued and then walk away. This would be the smoothest and least time-consuming way for you to end the representation, while also not inflicting collateral damage on Andy's state court case.

Jonathan R. Miller, Esq.
(*Admitted in N.Y., N.J. & Pa.*)

---

*This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. Unauthorized distribution of this email is strictly prohibited. Information contained in this communication may be confidential and may be subject to the attorney-client privilege.*

---

**From:** Brem Moldovsky [mailto:brem@bremlaw.com]
**Sent:** Thursday, April 5, 2018 11:52 AM
**To:** Jonathan R Miller <jonathan.miller@lawyer.com>
**Subject:** RE: phone call before email

Responses within your EMAIL in CAPS.

Brem Moldovsky, Esquire
Brem Moldovsky L.L.C.
New York, Pennsylvania and New Jersey
phone: (212) 563-3370, (215) 546-9957, (201) 894-8930
fax:   (212) 563-3371, (215) 546-9942, (201) 894-8933
website: www.bremlaw.com
email: brem@bremlaw.com

Confidentiality Notice: This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify me immediately by replying to this message and deleting it from your computer. Thank you.

---

**From:** Jonathan R Miller [mailto:jonathan.miller@lawyer.com]
**Sent:** Thursday, April 5, 2018 11:33 AM
**To:** Brem Moldovsky
**Subject:** RE: phone call before email

Brem,

Unless you are contractually obligated to represent Andy in an appeal I do not see how you would be obligated to begin that work now. IT IS GENERALLY WISE IF KNOWING AN APPEAL IS A REAL OPTION TO PLAN, LAY THE GROUNDWORK, GET READY FOR IT.  HERE, THERE IS A LOT IN GENERAL; SO, GOOD AND EARLY PLANNING IS WISE AND GENERALLY THE WAY I GO.  Also, you and Andy could simply agree to part ways, post-decision, and he could start now to search for an appellate attorney. I HAVE ASKED HIM TO GET ANOTHER ATTORNEY A NUMBER OF TIMES, BUT HE HAS NOT.  That would save you from having to file a motion and risking adverse consequences with respect to Judge Cote's imminent decision.  DON'T SEE ADVERSE CONSEQUENCES IN HER DECISION BASED ON THIS; I BELIEVE SHE IS ABOVE THAT.   I assume you have discussed the situation with Andy, correct?  HE HAS HAD PLENTY OF NOTICE THAT WE CANNOT BE ON

3

A CASE AND NOT GET PAID, ESPECIALLY WITH A LOT OF WORK ALREADY DONE THAT IS NOT PAID AND WITH MORE WORK TO DO.

I disagree with you about a potential conflict of interest. There is no substantial relationship between the former matter and the current one. I guess we will cross that bridge when and if we get to it, not now.  WE DISAGREE AND, THE ISSUE HAS BEEN RAISED.

Jonathan R. Miller, Esq.
(*Admitted in N.Y., N.J. & Pa.*)

*This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. Unauthorized distribution of this email is strictly prohibited. Information contained in this communication may be confidential and may be subject to the attorney-client privilege.*

**From:** Brem Moldovsky [mailto:brem@bremlaw.com]
**Sent:** Thursday, April 5, 2018 11:16 AM
**To:** Jonathan R Miller <jonathan.miller@lawyer.com>
**Subject:** RE: phone call before email

Jonathan,
      I believe you are wrong in that there is work to do on issues ahead, in particular appeal planning and post-decision work.  While there is work now, once the Court decides there will be a flurry of work (i.e. attorney fee petitions, opposing attorney fee petitions, motions to reconsider, motions about the $38 thousand, lien issue motions and more).  I do not want to be in a place where the firm – between myself, Mark, Sheri and others – is already hundreds and hundreds of hours behind in not being paid for months of work and then we must do much more work.  That would be terrible and painful.  Now, while it is relatively quiet is the appropriate time to do the motion, asap; again, before a decision is reached and heavy work piles on.
      Mark has been closely consulted and knows I am motioning to withdraw at this time.  But, as always, he can speak for himself.
      I believe as related to me and my firm that there is direct and potential conflict.  I can review this further with Tony as he is very knowledgeable in this area.  I know my analysis see the conflict and knows if I were in your shoes I would work and make sure to avoid and refrain from being in a position of advising one client based on my knowledge of and about another client as this and related type things that will occur here are not appropriate.
       I can review further, and, if not before, when you are out from under your deadlines, you should as well.
Brem

Brem Moldovsky, Esquire
Brem Moldovsky L.L.C.
New York, Pennsylvania and New Jersey
phone: (212) 563-3370, (215) 546-9957, (201) 894-8930
fax:  (212) 563-3371, (215) 546-9942, (201) 894-8933
website: www.bremlaw.com
email: brem@bremlaw.com

Confidentiality Notice: This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify me immediately by replying to this message and deleting it from your computer. Thank you.

**From:** Jonathan R Miller [mailto:jonathan.miller@lawyer.com]
**Sent:** Thursday, April 5, 2018 11:00 AM

**To:** Brem Moldovsky
**Subject:** RE: phone call before email

Brem,

Oy. Thanks for the heads up. A lot to digest.

As you probably know, I have stayed out of any dispute between you and Andy because I consider you a friend.

I understand (perhaps incorrectly) that the trial submissions have been fully briefed and filed and the federal court action is in a holding pattern, awaiting Judge Cote's decision. If so, I would urge you to table your differences until a decision is issued. You can always file your motion to withdraw once Judge Cote has issued her decision. I very recently withdrew from a case, where the termination of representation was fully spelled out internally but we delayed filing papers for a few days in order not to jeopardize a related settlement negotiation. Unless there is a filing that needs to be prepared or something else to be done besides waiting for the judge's decision it seems to me that there is no actual work to be done right now and therefore you and he can simply not engage with each other.

However you decide to proceed, there is nothing in the federal case that would require me to withdraw from the state court matter. And, the funds escrowed in federal court ($38K) plus any hypothetical additional award, will most likely become a bone of contention between you and Scarola, and theoretically also Andy (if there is enough money in play), but this is conjectural and premature. I could continue and address even more remote speculative scenarios, but really there is little point in doing so.

In short, I would urge you to table any formal withdrawal until after Judge Cote's forthcoming decision. If you decide to go forward anyway, I do not currently see a basis for me to withdraw as well from the state court matter.

I do not know if you have reviewed this with Mark, but I feel confident he would give similar advice.

Best,

Jonathan R. Miller, Esq.
(*Admitted in N.Y., N.J. & Pa.*)

---

*This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. Unauthorized distribution of this email is strictly prohibited. Information contained in this communication may be confidential and may be subject to the attorney-client privilege.*

---

**From:** Brem Moldovsky [mailto:brem@bremlaw.com]
**Sent:** Thursday, April 5, 2018 10:25 AM
**To:** Jonathan Miller (jonathan.miller@lawyer.com) <jonathan.miller@lawyer.com>
**Subject:** RE: phone call before email

  I won't be available tonight, but will be available till at least 6:30 or so today, and, we can talk on Sunday, Monday... but not tomorrow or Saturday.
  However, since steps to withdraw as counsel and notification (directly and/or via filing) of Jones, Shealy, 3rd Home, Judge Cote, Scarola, the public... and some other steps will be starting/occurring today (starting in early afternoon), I wanted to let you know.  If you had a few minutes to talk before early afternoon, please let me know.  If not, I'll certainly understand that you are busy with heavy deadlines and we can talk later or in a few days.  Of course I wish you the best of luck with today's workload and don't want to disturb.  As you know, I understand what deadline day is like and it sounds like you have double-deadline day.
  Withdrawal here is based on failure on paying fees, strategic differences, communication and cooperation issues and such.  While fees are a serious issue, the other issues – even apart from fees- have truly been difficult.

  There has been an attacking dynamic from Andy, and there could be more ahead.  Antagonism and negativity has set in.  Myself and my firm are finding ourselves in a position where the client is against us.  This is true to at least some extent with the people working with my firm on the matter.  As the withdrawal motion is processed and once it (or a later request) is granted, Andy's hostility and opposition may only harden and grow so the dynamic of him being against will perpetuate.

  Accordingly, as someone who has acted as my counsel, including in matters relating to what is personal, financial, and more, and, along with other considerations (which I'm happy to review and flesh out), it seems that you should not be functioning as Counsel in a capacity wherein you on behalf of Andy would be or maybe on the opposite side as my firm or me.  Though he can certainly speak for himself, I believe (since Mark is formally within the written agreements with my firm and Andy and his company) these sensitivities have some application to Mark as well.  So, due in part to the interlacement and interfacement between the Scarola suit and the 3rd Home case, attorneys fees and liens issues, raising this issue for careful consideration of it and its implications seems appropriate.  For instance, in some hearing or motion about attorney's fees before Judge Cote, with Scarola involved and my firm's interests being considered, your representing Andy and his company (upfront or in the background) which can or may involve degrees of hostility and attack against my firm or me is a conflict my firm and I do not want to be disadvantaged by.

  So, among other things, I am raising my rights as client/former client and working colleague.  For now, it seems fair to say that just like Andy should find another attorney to handle the one case, so too he should for the other.

  Certainly there is more to this, and I am writing a bit quickly.

  Again, good luck today,

Brem



Brem Moldovsky, Esquire
Brem Moldovsky L.L.C.
New York, Pennsylvania and New Jersey
phone: (212) 563-3370, (215) 546-9957, (201) 894-8930
fax:   (212) 563-3371, (215) 546-9942, (201) 894-8933
website: www.bremlaw.com
email: brem@bremlaw.com

Confidentiality Notice: This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify me immediately by replying to this message and deleting it from your computer. Thank you.

---

**From:** Jonathan [mailto:jonathan.miller@lawyer.com]
**Sent:** Thursday, April 5, 2018 9:34 AM
**To:** Brem Moldovsky
**Subject:** Re: phone call before email

Oy. Sounds bad. Can we talk tonight? I have two motion opposition's to prepare.

Sent from TypeApp
On Apr 5, 2018, at 8:38 AM, Brem Moldovsky <brem@bremlaw.com> wrote:
Hi Jonathan,
Hope you and the kids have been having a nice Passover!
Let me know if you have time for a call today (and, if so, when) before I give a formal email on Andy's situation.
Thanks a lot,
Brem

Brem Moldovsky, Esquire
Brem Moldovsky L.L.C.
New York, Pennsylvania and New Jersey
phone: (212) 563-3370, (215) 546-9957, (201) 894-8930
fax:   (212) 563-3371, (215) 546-9942, (201) 894-8933
website: www.bremlaw.com
email: brem@bremlaw.com

Confidentiality Notice: This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify me immediately by replying to this message and deleting it from your computer. Thank you.