

# SCAROLA ZUBATOV SCHAFFZIN PLLC

October 17, 2018

Hon. Denise L. Cote, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1610
New York, NY 10007

*LightBox Ventures LLC Charging Lien Proceeding* (1:16-cv-02379-DLC)

Dear Judge Cote:

    We write (in accordance with ECF Dkt. #280 to allow for proposed redactions) because it appears that plaintiffs have filed a fabricated document with the Court in their filings on Friday. Specifically, it appears those papers include a purported copy of our retainer agreement with the execution page falsified; it differs in a material way from the true executed version (the significance of the alteration is explained below). We do not assert this lightly, but believe it is confirmed by electronically stored copies of the documents in question. For example, the true executed version was attached to earlier e-mail correspondence with Mr. Ellner. Additionally, a second document submitted Friday by plaintiffs is intentionally misleading, because it contains the true executed signature page mentioned above, but the document submitted by plaintiffs on Friday omits all but the first two pages, and thereby excludes the signature page that, if properly included, would reveal the fabrication. We explain this more fully below, and request that the Court sanction this conduct.

    *The Facts Supporting this Application.* Brief background is required to explain the issue. We contend that Mr. Ellner executed our retainer agreement in his individual capacity and is personally responsible for our fees (together with his LLC). The retainer agreement Mr. Ellner signed was addressed to "Andy" and signed in his own name, and without designation of a title to indicate he was signing only on behalf of the LLC. This has been an issue in the collection effort since November 2016 when Mr. Ellner began to deny personal responsibility, and it became a significant disputed issue in the state court case. We now see Mr. Ellner has filed (and apparently has previously filed) a falsified copy of the execution page to our agreement: it (i) does not include our signature; (ii) includes his signature in a form not identical to his signature on the copy signed by both parties; and (iii) shows he added the words "MANAGING MEMBER" after his new signature in an attempt to create an alternative, false, document. The electronic paper trail in the state court and in this case establishes, we believe, an attempt to deceive both courts:

    1. We transmitted the unsigned retainer agreement to Mr. Ellner by a March 11, 2016, e-mail; thus he had it in unsigned form since then (I noted I would "also drop off a hard copy"). (Ex. A)

    2. A true copy of his signature page given to me that day and countersigned by me, with no mention of "managing member" or anything like it, is attached. (Ex. B)

    3. I transmitted an electronic copy of that page to Mr. Ellner along with the complete executed agreement on October 26, 2016, as part of the draft amendment he had requested; the first page of the attachment to my e-mail, on our firm's letterhead, states that the original agreement is attached, and it contains the true signature page as it appears in Ex. B. (Ex. C) I also transmitted it again on December 13 and 19, 2016.

1700 BROADWAY  41ST FLOOR  NEW YORK, NY 10019
TEL 212-757-0007  FAX 212-757-0469  WWW.SZSLAW.COM

**SCAROLA ZUBATOV SCHAFFZIN PLLC**

4. On May 11, 2017, in moving to dismiss the state court case on, among other things, the basis that he did not sign our retainer agreement in his personal capacity, Mr. Ellner used and expressly and materially relied upon a falsified signature page to the retainer agreement. (Ex. D, last page) His accompanying Affidavit sworn to May 11, 2017 (Ex. E), describes the document to be: "a true and correct copy of the Retainer Agreement dated March 11, 2016, between Plaintiff and Lightbox Ventures that I delivered to Plaintiff on or about that date." That is false; in fact, the signature page he used had been doctored in the manner described above, and added the words: "MANAGING MEMBER." Significantly, Ex. D (the false version submitted by Mr. Ellner on May 11, 2017), is identical in form and also color to Ex. A — the original draft not signed by anyone that I transmitted to Mr. Ellner on March 11, 2016, for review — *except* (i) Ex. D's final page contains Mr. Ellner's falsified signature, on a page plainly scanned at a different time and not in color, and (ii) the final page of my March 11 transmittal (the Statement of Client Rights) is omitted. From this, it seems beyond question that Mr. Ellner created a new signature page for his motion to dismiss in May 2017 from the unsigned draft signature page in Ex. A, and attached it to the remainder of our retainer agreement printed from one of the copies he had, in place of the true signature page we had both signed, and then submitted it to the state court, and now this Court.

5. This falsified document is also submitted by Mr. Ellner in this Court as Exhibit 5 to the "Certification" Mr. Ellner submitted on Friday of last week, with Mr. Ellner falsely asserting at ¶ 10 that he signed it as "managing member." (Ex. F) Additionally, as noted, Mr. Ellner also submitted on Friday my October 26, 2016 transmittal of the amendment to the retainer agreement he requested (Ex. C), which included the true signature page, *except* he omitted all but the first two pages, and thereby, by submitting the incomplete document, omitted the true signature page. This is Exhibit 11 to his "Certification." (Ex. G)

We ask the Court to sanction plaintiffs (or else grant leave to make a more formal application). Specifically, we ask that the Court either (i) strike all of the plaintiffs' pleadings and papers as relates to the attorneys' charging lien issues and determine the charging lien in our favor as we have requested, or, in the alternative, (ii) grant other relief in favor of this firm and against plaintiffs as the Court determines warranted by the plaintiffs' conduct described.[1]

Respectfully submitted,

Richard J.J. Scarola

By E-Mail; w/Attachments (Also to All Counsel)

---

[1] We point out that after Mr. Ellner's May 11 filing (Ex. D), we ourselves inadvertently picked up a copy of Mr. Ellner's false May 11 exhibit and mistakenly began to use it as our own in later submissions, including our own Friday submission (Ex. B to my Affidavit). I believe this occurred because when we opposed the May 11 state court motion to dismiss, based upon a presumption that an adversary would not use a falsified document, we copied and used the false version of the retainer agreement in compiling our own exhibits, out of expediency, even including the state court May 11 filing stamp that appeared atop the document. We had of course not noticed Mr. Ellner had not used the true document. I believe it is fair to say that it is reasonable to presume an adverse party's filed copy of a shared document is a true copy, though the error is no less embarrassing. At the same time, it is important to stress that our error does not (i) turn a falsified document into a true one, or (ii) diminish the seriousness of Mr. Ellner submitting a false document. We are taking steps to correct our erroneous use of the false document in all court filings.

2